**R. L. DEWS et ux., Appellants,**

v.

**B. C. FLOYD et al., Appellees.**

**No. 272.**

Court of Civil Appeals of Texas.

Tyler.

March 30, 1967.

Charles E. Coleman, Tyler, for appellants.

Lawrence & Lawrence, Wm. M. Williams, Jr., Tyler, for appellees.

DUNAGAN, Chief Justice.

This suit was instituted by appellees, as the plaintiffs in the court below, on September 13, 1965, against appellants.

Following the filing of defendants'-appellants' original answer, plaintiffs-appellees filed their first amended original petition on December 6, 1965. On February 18, 1966, appellants filed their first amended answer and it was on these pleadings that the case went to trial before the court without the aid of a jury on June 17, 1966. The suit was brought to recover indebtedness due under a contract of sale prior to its rescission, for balance due on a promissory note, and for attorney's fees.

On March 3, 1964, appellants and appellees entered into a valid contract in good faith by which appellees were to sell a house and lot in the City of Tyler to appellants. Appellants were to pay a certain sum each month and keep up the taxes and insurance. Upon completion of performance by appellants, appellees were to convey title to them. There were certain expenses in connection with the making of the contract, which expenses appellants were unable to pay and which were represented by a promissory note given by appellants to appellees in the amount of $236.00.

On March 1, 1965, appellees considered appellants to be in default and brought a forcible detainer proceeding in the justice court, Precinct No. 1, Place No. 2, Smith County, Texas, in which they sought judgment for restitution of the premises described in the purchase contract costs, and for such other relief as they "may be entitled to, either in law or in equity." The justice court granted appellees possession of the premises and also a judgment for the sum of $443.64 as rent and costs; however, the judgment was found void by the trial court in this case insofar as it allowed the money judgment, since the money judgment exceeded the jurisdictional amount in the justice court.

Because the money judgment awarded by the justice court exceeded the jurisdictional amount of such court, suit was brought in the 7th Judicial District Court of Smith County for the indebtedness accruing to appellees under the contract of sale prior to the rescission thereof, which included the unpaid balance due and owing on the principal, taxes, insurance, the balance due on the $236.00 promissory note and for attorney's fees.

The pertinent portions of the contract, which forms the basis of this lawsuit, read:

"The purchase price is Nine Thousand Five Hundred and No/100 ($9,500.00) Dollars. Purchaser agrees to pay the purchase price as follows: $250.00 cash as down payment, * * * and the payment thereafter of equal monthly installments in the amount of Eighty-Five and no/100 ($85.00) Dollars each, the first installment to become due and payable on or before April 1, 1964, and a like

installment to become due and payable on or before the 1st day of each succeeding month thereafter until the entire indebtedness is paid, * * *.

" * * * and Purchaser herein agrees to pay all taxes due on the above described premises during the time this contract is in force * * *.

" * * *

"If Purchaser fails to comply with any of the conditions and obligations agreed to and assumed herein, the Seller may at his option declare the entire balance of the purchase price due and collectible or may rescind this contract; and in the event of rescission, all payments already made by the Purchaser herein shall be taken and retained by the Seller not as a penalty but as and for liquidated damages for the breach of this contract; and Purchaser herein is to make payment on or before each installment due date, and in the event Purchaser is as much as thirty (30) days delinquent, on any installment due date, Seller herein may exercise his option herein given to rescind the contract, and the failure of the Seller to exercise such option at the time of any default shall not operate to bar or abridge his right to exercise such option upon any subsequent default of the Purchaser. A letter addressed in the ordinary mails to the Purchaser at his last known post office address shall be sufficient notice of the exercise of such option by the Seller and within ten (10) days from the mailing of said notice, Purchaser agrees to deliver possession to the Seller.

"In the event it becomes necessary for the Seller herein to employ an attorney or attorneys to file suit against Purchaser herein, for collection of the balance due under this contract or for possession of said premises, then and in that event, Purchaser herein agrees to pay any reasonable attorney's fees that Seller may have been forced to expend in connection with this contract.

"In the event Seller elects to declare this contract null and void and of no further force and effect through failure of the Purchaser to carry out the terms of this contract and make the payments of principal and interest when due, the Seller shall be entitled and shall receive full surrender and possession of said premises and improvements thereon, and the Purchaser agrees that the Seller may begin dispossession proceedings in any court for such possession as against a monthly tenant if and when the monthly payments as stipulated herein are not paid on or before the 1st day of each month when due. Then and in that event, this agreement at the option of Seller or his legal representatives or assigns shall become and be void and of no effect except as to this clause and the Seller shall be entitled to immediate surrender and possession of said premises."

Several months after the contract was executed, appellants fell in arrears and never thereafter got back on a current basis. They not only fell in arrears on the monthly installment payments, but failed to pay the taxes and insurance. Therefore, it became necessary for appellees to assume payment of these obligations as provided by the terms of the contract.

After having defaulted, appellants continued to reside on the premises and forced appellees to bring the forcible detainer proceeding to recover possession as hereinabove stated.

The court in the instant case entered judgment for appellees in the sum of $573.-10, together with interest thereon at the rate of eight percent (8%) per annum from date of judgment and all costs of suit. The judgment did not award appellees a recovery for any sum of money due and owing them that accrued after rescission, except the $100.00 for attorney's fees which the court found to be a reasonable sum for the services rendered. From this judgment, appellants have appealed.

Also, the trial court filed findings of fact and conclusions of law in which it found that:

(a) Sometime during the fall of the year of 1964, the appellants fell in arrears in their installments set out in the contract and were never thereafter on a current basis.

(b) The appellants were notified on or about April 28, 1965, that the contract was in default and proper and timely demand was made of them for possession of the premises.

(c) The premises were released by the appellants only after the filing of a forcible entry and detainer suit and judgment was entered therein.

(d) The appellants were obligated to pay under said contract and there accrued and was due to be paid to the appellees before the rescission the sum of $78.00 as unpaid installment payments.

(e) Under the contract, the appellants promised to pay the county, state, Tyler Independent School District and Tyler Junior College taxes for the year 1964.

(f) The composite of the taxes for the said state, county, school district and Junior College for the year of 1964 was $154.64.

(g) The appellants have never paid this sum or any part thereof, but the appellees did pay such taxes for appellants.

(h) The sum of $154.64 in taxes paid by the appellees was added to the sum due by the appellants to the appellees under the said contract.

(i) The appellants had the undisturbed use and occupancy of the premises described in the contract for the period of time from the date of the contract until the same was released on or about the 28th day of May, 1965.

(j) The value of such use and occupancy of the premises during the period from March 3, 1964, through and until the time of the said release of the premises by the appellants, after allowing all proper offsets and credits so due, is the sum of $78.00.

(k) The appellants were unjustly enriched in the amount of $154.64 by the use of the premises without paying for the taxes indicated.

(l) The appellees employed the firm of Lawrence & Lawrence, attorneys at law, to represent them and prosecute their rights under the contract herein involved. Such law firm did treat and negotiate with the appellants, file a forcible entry and detainer action, attend hearings thereunder and file this litigation and carried it through trial and judgment. The sum of $100.00 is a reasonable attorney's fee for such services of said law firm.

(m) The appellants executed and delivered a promissory note dated March 3, 1964, in the original principal amount of $236.00.

(n) This note became in default in July, 1964.

(o) After allowing all proper credits, the sum of money due under this promissory note as of the date of the judgment in this cause was the sum of $240.64.

(p) Appellees, by the letter dated April 27, 1965, and received by appellants on April 28, 1965, giving notice to appellants that the contract was in default and demanding possession of the premises, was notice of their intention to rescind the contract in question.

(q) The appellees did file a forcible entry and detainer suit against the appellants and a judgment was entered in justice court, Precinct No. 1, Place No. 2, Smith County, Texas, for the recovery of possession of the premises in question and for the sum of $443.64 as rent, together with all costs of suit.

(r) No evidence was offered by the appellants at the hearing and trial in con-

travention of any of the facts and proof of the appellees.

The appellants contend "It was reversible error for the Court to render judgment in favor of Appellees, because such judgment is not supported by, and is contrary to, the findings of the Court, * * *"

■ The basis of appellants' contention, it seems, is that the appellees elected to rescind the contract and obtained possession of the premises, having so elected, all of appellants' obligations under the contract were terminated. In support of this contention, the appellants argue that appellees, having elected to rescind the contract and bringing the action in justice court, are *estopped* to maintain the present action. Appellants further argue that once an election had been made to rescind the contract and judgment for the sum of $443.64 had been secured in justice court, representing the same relief asked for in this court, no further action could be maintained under the contract in question. Appellants' contention is overruled.

The only relief sought under the contract by appellees in their pleading in the justice court was for "judgment for restitution of said premises and for costs, and for such other relief as [t]he[y] may be entitled to, either in law or in equity." This suit was brought by the appellees for the purpose of recovering possession of the property described in the purchase contract.

The judgment entered in the justice court allowed the following recovery:

"IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Plaintiffs, B. C. FLOYD and LEROY FLOYD, have restitution for which let writ issue, of the premises described in their complaint, * * *.

"and further that they do have and recover of and from Defendants, R. L. DEWS and wife, MEARLEAN DEWS, the sum of $443.64, as rent and all costs of suit, for which let execution issue."

■ That part of the judgment entered in the justice court awarding to appellees the sum of $443.64 exceeds the jurisdictional amount of the court. Therefore, it is obvious that in this respect the judgment on its face is void.

Furthermore, the only relief sought by the appellees in the justice court, other than for restitution of the premises and costs, was for what they were "entitled to, either in law or in equity." Therefore, not being entitled to recover judgment for the sum of money as was awarded by the justice court, "either in law or in equity," appellees' prayer for relief did not include a recovery for any portion of the money judgment awarded them in the justice court case. Under this state of the record, it is apparent that the appellees for the first time sought to recover for monies due them under the contract and on the promissory note in the suit filed in the 7th District Court and now before us.

A void judgment has been termed mere waste paper, an absolute nullity; and all acts performed under it are also nullities. Again, it has been said to be in law no judgment at all, having no force or effect, conferring no rights, and binding nobody. It is good nowhere and bad everywhere, and neither lapse of time nor judicial action can impart validity. Commander v. Bryan, 123 S.W.2d 1008, (Tex.Civ.App., Fort Worth, 1938, n. w. h.); 34 Tex.Jur., Sec. 262, page 177; Maury v. Turner, 244 S.W. 809, (Tex. Com.App., 1922).

Also, a void judgment has been defined as "one which has no legal force or effect, invalidity of which may be asserted by any person whose rights are affected at anytime and at any place directly or collaterally." Black's Law Dictionary; Reynolds v. Volunteer State Life Ins. Co., 80 S.W.2d 1087, (Tex.Civ.App., Eastland, 1935, writ ref.); Gentry v. Texas Department of Public Safety, 379 S.W.2d 114, 119, (Tex.Civ.App., Houston, 1964, writ ref., n. r. e., 386 S.W.2d 758).

In Commander v. Bryan, supra, the court said:

"Nor will a void judgment be given effect of res adjudicata in a subsequent suit involving the same subject matter. * * *

" 'A judgment void upon its face and requiring only an inspection of the record to demonstrate its invalidity, is a mere nullity, in legal effect no judgment at all, conferring no right and affording no justification. *Nothing can be acquired or lost by it; it neither bestows nor extinguishes any right, and may be successfully assailed whenever it is offered as the foundation for the assertion of any claim* or title. * * *' " (Emphasis added).

■ Where a court rendering judgment does not have jurisdiction, the judgment is void and cannot operate as res adjudicata; it neither binds, bars, nor *estops* anyone. 34 Tex.Jur.2d, Sec. 467, page 514.

It has also been held that "It is not necessary to take any steps to have a void judgment reversed, vacated or set aside. It may be impeached in any action direct or collateral." Holder v. Scott, 396 S.W.2d 906, (Tex.Civ.App., Texarkana, 1965, writ ref., n. r. e.).

■ When the judgment is not merely erroneous, but an absolute nullity, it can have no binding force or effect, either in the tribunal in which it is rendered, *or in any other in which it may be brought in question.* Milan County v. Robertson, 47 Tex. 222; Barton v. Montex Corporation, 295 S.W. 950, (Tex.Civ.App., Austin, 1927, n. w. h.).

■ Furthermore, if it appears that, on account of the limited jurisdiction of the justice court in which the forcible entry and detainer proceedings are pending, all matters between the parties cannot be adjudicated, either party may maintain an action in a court of competent jurisdiction for proper relief. Holcombe v. Lorino, 124 Tex. 446, 79 S.W.2d 307, 309, (Tex.Sup., 1935).

Article 3994, Vernon's Ann.Texas Civil Statutes, reads: "The proceedings under a forcible entry, or forcible detainer, shall not bar an action for trespass, damages, waste, rent or mesne profits."

It has been the uniform holding under this Article that a forcible entry and detainer proceeding is not exclusive, but is cumulative of any other remedy that a party may have in the courts of this state. Scott v. Hewitt, 127 Tex. 31, 90 S.W.2d 816, 103 A.L.R. 977 (1936); Holcombe v. Lorino, supra; Bull v. Bearden, 159 S.W. 1177, (Tex.Civ.App., Fort Worth, 1913, n. w. h.); 103 A.L.R. 977; See 25 Tex.Jur.2d, Sec. 6, page 470.

■ Jurisdiction to recover possession of property by those who are entitled to the possession thereof is vested by Article 3973, Vernon's Annotated Texas Statutes, 1925. The proceeding is by a forcible entry and detainer or a forcible detainer suit as the case may be. The primary object of such a suit is a recovery of possession. The primary issue is a right to possession. There may be joined in said suit a cause of action to recover delinquent rents payable under the contract if the amount is within the jurisdiction of the justice court. Rule 738, Texas Rules of Civil Procedure. However, this is rent as such and not damages for wrongful withholding of the premises or other benefits accruing to the appellees under the contract. This is all the relief that may be given in the justice court. Haginas v. Malbis Memorial Foundation, 349 S.W.2d 957, (Tex.Civ.App., Houston, 1961), and Haginas v. Malbis Memorial Foundation, 163 Tex. 274, 354 S.W.2d 368, (1962, affirming the Court of Civil Appeals).

It seems that Rule 738 which permits suits for rents in connection with one for forcible entry and/or forcible detainer applies to suits of landlords against their tenants, where the rents claimed are in such amount

as the justice court would have jurisdiction of. Hengy v. Hengy, 151 S.W. 1127, 1132, (Tex.Civ.App., San Antonio, 1912, n. w. h.). This not being a suit between landlord and tenant, therefore we do not construe any part of the relief sought by appellees in the justice court to be an action for rent.

Moreover, the sum of $443.64 recovered in the justice court was for rent only. Thus, it appears that this judgment does not cover any of the items sued for in the District Court. Therefore, even though appellees had sought and recovered judgment in the justice court for monies due them under the contract (which this record does not so show) representing the same relief in whole or in part sought in the instant case, the judgment allowing such recovery being void, consequently, they recovered nothing that was awarded them by the judgment now before us for review. So, appellees' rights to recover judgment for any monies accruing to them under the contract of purchase were not adjudicated in the justice court case.

Moreover, rescission is an equitable remedy. Complete and full justice is a fundamental doctrine of equity jurisprudence, and if damages, as well as rescission, are essential to accomplish full justice, they will both be allowed. Holland v. Western Bank & Trust Co., 56 Tex.Civ.App. 324, 118 S.W. 218, (1909, n. w. h.).

Appellants do not attack the contract in any way or deny that they owe the note. Appellants stipulated in the trial court that the attorney's fees sued for and allowed by the court were reasonable. As a matter of fact, they do not deny the justness of any part of appellees' claim of indebtedness sued for in this case and found by the trial court to be due and owing to appellees.

The trial court's findings of fact and conclusions of law, which we find to be amply supported by the evidence, adequately supports the judgment here under review. Stinson v. Sneed, 163 S.W. 989, (Tex.Civ. App., Amarillo, 1914, n. w. h.); Bailey v.

Mann, 248 S.W. 469, (Tex.Civ.App., El Paso, 1923, n. w. h.); Gray v. Merritt, 276 S.W. 187, (Tex.Com.App., 1925); Groce v. P. B. Yates Mach. Co., 288 S.W. 161, (Tex. Com.App., 1926).

Judgment affirmed.