Salvador OROPEZA, Sr., Appellant,

v.

Jesus L. VALDEZ, Appellee.

No. 04–03–00795–CV.

Court of Appeals of Texas,
San Antonio.

June 16, 2004.

Rehearing Overruled Aug. 9, 2004.

John D. Wennermark, Law of John D. Wennermark, San Antonio, for appellant.

Ramon A. Cervantes, III, Law Office of Ramon A. Cervantes, III, San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, and SARAH B. DUNCAN, Justice.

## OPINION ON REHEARING

Opinion by CATHERINE STONE, Justice.

This case is before us on appellant's motion for rehearing. We deny appellant's motion; however, we withdraw our opinion and judgment of March 10, 2004 and substitute this opinion and judgment in their stead.

Jesus Valdez sued Salvador Oropeza, Sr. for $4,950 after Oropeza sold Valdez's 1994 Crown Victoria automobile to Laura Fling without his consent. Valdez won a $4,950 judgment against Oropeza in small claims court. Oropeza appealed the small claims court's ruling by obtaining a trial *de novo* in the county court at law. Again, Valdez won a judgment against Oropeza. This time, however, Valdez was awarded a $5,600 judgment. Oropeza attempted to appeal the county court judgment, but this court denied review for lack of jurisdiction because "this court lacks jurisdiction over an appeal from a judgment of a county court on an appeal from small claims court." *Oropeza v. Valdez*, 53 S.W.3d 410, 412 (Tex.App.-San Antonio 2001, no pet.).

Oropeza subsequently filed an application for permanent injunction and declaratory judgment in the 288th Judicial District Court of Bexar County, Texas, claiming the county court at law's judgment is void because it awarded monetary relief in excess of the jurisdictional limit of the small claims court. The district

court concluded the county court's judgment "is not void," and the court dismissed Oropeza's claim. Oropeza appeals the district court's judgment.

A collateral attack is any proceeding to avoid the effect of a judgment which does not meet all the requirements of a valid direct attack. *Glunz v. Hernandez,* 908 S.W.2d 253, 255 (Tex.App.-San Antonio 1995, writ denied). Direct attacks in the trial court include the granting of a motion for new trial and a bill of review. *Id.* Direct attacks in the court of appeals include an ordinary appeal, an appeal by writ of error (now referred to as a "restricted appeal"), and an appeal by writ of error from a bill of review judgment. *Id.* There is neither a set procedure for a collateral attack nor a statute of limitations. *Id.* Collateral attacks may be used only to set aside a judgment which is void, or which involved fundamental error. *Id.* Fundamental error for this purpose means cases where "the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas." *Id.* (citing *Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex.1982)).

The cases distinguish between judgments which are void, and therefore may be set aside by a collateral attack, and those which are voidable and must be attacked by a valid direct attack. A judgment is void if it is shown that the court lacked jurisdiction (1) over a party or the property; (2) over the subject matter; (3) to enter a particular judgment; or (4) to act as a court. *Id.* at 255–56. In the case at bar, Oropeza contends the district court erred by not setting aside the county court's judgment because the county court lacked jurisdiction to enter a judgment in excess of the upper jurisdictional limit of the small claims court.

An appeal from a small claims court judgment is tried *de novo* in the county court or county court at law. Tex. Gov.Code Ann. §§ 28.052(a), 28.053(b) (Vernon 2004). The appellate jurisdiction of the county court or county court at law is dependent upon the jurisdiction of the small claims court; the county court has no jurisdiction over the appeal unless the small claims court had jurisdiction. *Richard v. Taylor,* 886 S.W.2d 848, 851 (Tex. App.-Beaumont 1994, writ denied). At the time this suit was filed, small claims courts had jurisdiction in cases where the amount in controversy was not more than $5,000, excluding interest. Tex. Gov.Code Ann. § 28.003(a) (Vernon 2004).

Here, Valdez's original petition sought $4,950 in damages from Oropeza, an amount within the jurisdictional limits of the small claims court. At no time did Valdez amend his petition to recover more than this amount. The small claims court therefore had jurisdiction over this case. Because the small claims court had jurisdiction, the county court at law acquired appellate jurisdiction over Oropeza's appeal. Oropeza contends, however, that the county court at law essentially "lost" jurisdiction when it entered a judgment in excess of the small claims court's monetary jurisdiction. Consequently, Oropeza argues the county court at law's judgment is void. We disagree.

Initially we note that once the county court at law acquired jurisdiction, it did not later "lose" jurisdiction. Once a trial court acquires jurisdiction, no later fact or event can defeat that jurisdiction. *See Cont'l Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 449 (Tex.1996). It is undisputed that the small claims court's jurisdiction was properly invoked, and that the county court's appellate jurisdiction was properly invoked. The mere fact that

the county court's judgment was entered in excess of the small claims court's monetary jurisdictional limit is not grounds for declaring the judgment void. *See id.* at 450 (questioning the propriety of a limited jurisdiction court rendering judgment awarding damages that are one hundred fifty percent of its maximum jurisdiction, but nonetheless determining on the record that the court did not lack jurisdiction). For example, when increased damages are due to the passage of time they may be awarded by the trial court, even if the increase brings the amount above the court's jurisdictional limit. *See Garza v. Chavarria,* No. 08–03–00005–CV, 2004 WL 178580, at *2 (Tex.App.-El Paso 2004, no pet. h.). From the face of the record in this case, the district court could have concluded that the increased damages awarded by the county court at law were damages that accrued because of the passage of time, and thus were properly awarded. *See id.*

Oropeza relies on *Dews v. Floyd,* 413 S.W.2d 800 (Tex.Civ.App.-Tyler 1967, no writ) to support his claim that the county court's judgment is void because it awarded damages in excess of $5,000. *Dews* involved a suit to recover possession of property. *Id.* at 801. The plaintiffs sought restitution of the premises. *Id.* The justice court awarded possession, but also awarded more than $400 as rent, an item which plaintiffs had never pled. *Id.* The justice court's judgment therefore not only exceeded in amount the jurisdictional limit of the justice court, it also awarded relief that had not been sought. *Id.* at 804. Within this context the *Dews* court noted that a judgment which awards a sum that exceeds the jurisdictional limits of the court is void on its face. *Id.* The court did not hold, however, that the entire judgment was void, noting that only the monetary award was void. *See id.* Accordingly, *Dews* offers no support for Oropeza's claim.

Because the county court at law was authorized to enter the particular judgment that it did, the district court properly refused to set aside the county court's judgment. Oropeza's sole appellate issue is overruled.

The judgment of the trial court is affirmed.