

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00177-CV

## IN RE WILLIAM R. VANCE, JR., INDIVIDUALLY AND AS INDEPENDENT EXECUTOR OF THE ESTATE OF FLORENE K. GRACE, DECEASED

## No. 10-09-00211-CV

## IN THE MATTER OF THE ESTATE OF FLORENE K. GRACE, DECEASED

### From the County Court at Law No. 1
### Brazos County, Texas
### Trial Court No. 12,787-PC

## MEMORANDUM OPINION

Relator/Appellant William R. Vance, Jr. challenges the trial court's 2009 order declaring as void that court's 2007 order appointing him as Independent Executor of the Estate of Florene K. Grace, Deceased.  We will deny Vance's mandamus petition because he has an adequate remedy at law.  We will reverse the challenged order and remand this cause to the trial court for further proceedings.

**Background**

Florene K. Grace died on January 3, 2007. In her will she named her daughter Carolyn G. Vance as independent executor and her granddaughter Karen V. Atkinson as successor independent executor. William R. Vance, Jr. filed an application to probate Florene's will and sought (with Carolyn's joinder) to be appointed as independent executor "pursuant to Texas Probate Code § 154A." Carolyn stated in an affidavit filed with the application that she joined the application "for the purpose of seeking" William's appointment as successor independent executor in place of the named executors who waived their right to serve. Carolyn and Karen later signed affidavits waiving and renouncing their rights to be appointed independent executor "in favor of William." By order signed February 2, 2007, the court admitted the will to probate, appointed William as independent executor, and required William to post a bond in the amount of $50,000.

Carolyn filed a motion to remove William as independent executor in October 2008. She alleged that he had failed to provide an accounting and had misapplied assets of the estate. She later added: (1) a claim for declaratory relief regarding the ownership of a residential property in Georgia and of Tricom Broadcasting, Inc., which through a wholly-owned subsidiary holds the license for a radio station in Nacogdoches; and (2) a claim that William's conduct constitutes a breach of fiduciary duty and "an undeniable conflict of interest between [William] and the Estate and its sole beneficiary [Carolyn]."

William answered the suit with a general denial, affirmative defenses, verified denials, and numerous counterclaims. He named three additional counter-defendants: his brother Brett Alan Vance, his cousin Kimberly A. Grace, and his sister Karen V. Atkinson. William named these additional counter-defendants as contingent beneficiaries under the will "who may be entitled to receive assets of the estate" because of Carolyn's claims. William also alleged that Brett is "a possible debtor to the Decedent's Estate based upon his acts and omissions."[1] Brett responded by general denial.

On April 13, 2009, Brett filed a motion to declare as void the court's February 2007 order appointing William as independent executor because William: (1) is not named as independent executor in the will; (2) did not satisfy the requirements of section[2] 154A (which was listed as a basis for appointment in the application to probate the will); and (3) did not satisfy the requirements for appointment as an independent administrator under section 145(d). Brett contended that, because these requirements were not satisfied, the court did not have jurisdiction to appoint William as independent executor and thus the court's order was void.

The court held a hearing on Brett's motion on April 24. At the conclusion of the hearing, the court advised the parties that it would take the motion under advisement

---

[1] With regard to Brett, William alleged that he (and Carolyn) are liable for conversion of estate property, civil theft, and civil conspiracy. William alleged additional counterclaims against Carolyn for breach of fiduciary duty, breach of trust, constructive fraud, fraud in the inducement, and statutory fraud, and he sought a declaratory judgment that Carolyn's suit constitutes an indirect attack on the will in violation of an *in terrorem* clause in the will.

[2] As used hereinafter, the term "section" refers to a section of the Probate Code unless otherwise indicated.

and issue a ruling "as quickly as possible." The next day, the court sent the following letter to the parties:

> After reviewing the briefs, caselaw and arguments provided by the attorneys concerning Brett A. Vance's Motion to Void the Order Admitting the Will the [sic] Probate and Authorizing Letters Testamentary, I hereby declare that the order admitting the will to probate is valid, however the portion appointing William R. Vance, Jr. as Independent Executor and authorizing letters testamentary is void. I am ordering the [sic] William R. Vance, Jr. immediately surrender all letters testamentary in his possession to the Brazos County Clerk and cease to act in any way as the personal representative of the Estate of Florene K. Grace. I am requesting that Ms. Upchurch provide the Court an order that complies with this ruling within 10 days.

The court signed an order on June 11 effectuating this ruling.

William filed a mandamus petition challenging the letter ruling on June 4. He filed a notice of appeal challenging the written order on July 1.

**Mandamus**

The trial court's written order is identical in substance to its earlier letter ruling. The parties do not dispute that the written order is an appealable order. Therefore, we deny the mandamus petition because William has an adequate remedy by appeal. *See In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (to be entitled to mandamus relief, a party must have no adequate remedy by appeal).

**Void or Voidable?**

William contends in his first issue that the trial court lacked jurisdiction to declare part of the 2007 order void because that order was at most voidable and because the court's plenary power "had long since lapsed" when it purported to set aside that order. Brett responds that: (1) because this is a probate matter, the trial court has

continuing jurisdiction to set aside a prior void order; (2) the order was void ab initio because the court had no legal authority to enter it based on the pleadings and proof; and (3) he had no other viable avenue to raise the court's lack of jurisdiction to appoint William.

"A judgment is void only when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court." *Ayala v. Mackie*, 158 S.W.3d 568, 573 (Tex. App.—San Antonio 2005, pet. denied) (quoting *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (orig. proceeding) (per curiam)); *see Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003). Conversely, "[e]rrors other than lack of jurisdiction, such as 'a court's action contrary to a statute or statutory equivalent,' merely render the judgment voidable so that it may be 'corrected through the ordinary appellate process or other proper proceedings.'" *Reiss*, 118 S.W.3d at 443 (quoting *Mapco*, 795 S.W.2d at 703); *Ayala*, 158 S.W.3d at 573.

Thus, only a void judgment may be challenged by collateral attack. *Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009). A voidable judgment must be challenged by direct attack. *Id.*; *Oropeza v. Valdez*, 147 S.W.3d 480, 482 (Tex. App.—San Antonio 2004, no pet.).

> Direct attacks in the trial court include the granting of a motion for new trial and a bill of review. Direct attacks in the court of appeals include an ordinary appeal, an appeal by writ of error (now referred to as a "restricted appeal"), and an appeal by writ of error from a bill of review judgment. There is neither a set procedure for a collateral attack nor a statute of limitations. Collateral attacks may be used only to set aside a judgment which is void, or which involved fundamental error.

Fundamental error for this purpose means cases where "the record shows the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes or the Constitution of Texas."

*Oropeza*, 147 S.W.3d at 482 (quoting *Glunz v. Hernandez*, 908 S.W.2d 253, 255 (Tex. App.—San Antonio 1995, writ denied))[3] (citations omitted).

Brett summarizes his contention that the 2007 order appointing William as independent executor is void thusly:

Bill's Original Application and the proof presented to the trial court at the hearing on that application *did not meet the procedural requirements for establishing an independent administration under Probate Code Section 145*; therefore, the court had no jurisdiction to enter the 2007 Order appointing Bill as independent executor of the Estate. Based on this, the trial court correctly concluded that the 2007 Order was void *ab initio* . . . .

(emphasis added). In other words, Brett contends that the order is void because William failed to satisfy the statutory requirements of section 145. Assuming without deciding that Brett is correct on the issue of whether William properly qualified as independent executor under the applicable statute, the order appointing William to serve in this capacity would be at most voidable and not void. *See Reiss*, 118 S.W.3d at 443; *Ayala*, 158 S.W.3d at 573.

No one disputes that the trial court had subject matter jurisdiction to appoint an independent executor, that all parties were properly before the court when the appointment was made, or that the trial court had the capacity to act as a court when the appointment was made. Thus, the portion of the 2007 order which appointed William as independent executor was not void but was at most voidable. *Id.*

---

[3]     The original quotation is from *Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex. 1982) (per curiam).

**Direct Attack**

As stated, a voidable judgment must be challenged by direct attack. *Hagen*, 282 S.W.3d at 902; *Oropeza*, 147 S.W.3d at 482. Brett does not devote any attention to this issue in his brief because his primary contention is that the 2007 order was void rather than voidable.

Generally, a lawsuit results in only one appealable judgment—the "final judgment." *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). However, probate proceedings are different. *Id.*

> A probate proceeding consists of a continuing series of events in which the probate court may make decisions at various points in the administration of the estate on which later decisions will be based. In probate proceedings, the need to review controlling, intermediate decisions, before an error can harm later phases of the proceedings, justifies modifying the one final judgment rule.

*In re Estate of Davidson*, 153 S.W.3d 301, 304 (Tex. App.—Beaumont 2004, pet. denied) (citing *Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied)).

Here, no one disputes that the 2007 order admitting the will to probate and appointing William as independent executor was an appealable order. *See, e.g., Boone v. LeGalley*, 29 S.W.3d 614 (Tex. App.—Waco 2000, no pet.). Any direct attack on that order must have been brought within the time periods permitted.

> Direct attacks in the trial court include the granting of a motion for new trial and a bill of review. Direct attacks in the court of appeals include an ordinary appeal, an appeal by writ of error (now referred to as a "restricted appeal"), and an appeal by writ of error from a bill of review judgment.

*Oropeza*, 147 S.W.3d at 482 (citations omitted).

Brett filed his motion to declare the 2007 order void more than two years after the court signed the order. This was outside the time for filing a motion for new trial, a direct appeal, a restricted appeal, or a statutory bill of review under section 31 of the Probate Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51. 013 (Vernon 2008); TEX. PROB. CODE ANN. § 31 (Vernon 2003); TEX. R. APP. P. 26.1; TEX. R. CIV. P. 329b(a). The time has not yet run for the filing of an equitable bill of review proceeding, which is subject to a four-year statute of limitations.[4] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (Vernon 2008); *Caldwell v. Barnes*, 975 S.W.2d 535, 538 (Tex. 1998); *Manley v. Parsons*, 112 S.W.3d 335, 338 (Tex. App.—Corpus Christi 2003, pet. denied).

The trial court's plenary authority over the 2007 order appointing William as independent executor had long since expired when Brett filed his motion to declare this order void. Thus, the court could not consider the motion. Our research has disclosed two cases which support our conclusion concerning the trial court's lack of authority.

In *Sales v. Passmore*, 786 S.W.2d 35 (Tex. App.—El Paso 1990, writ dism'd by agr.), Passmore was named in the will as co-independent executor, and the probate court appointed him to serve in this capacity. Sales later[5] filed a motion to disqualify

---

[4] "[A] bill of review is a separate proceeding from the underlying suit." *Ross v. Nat'l Ctr. for the Employment of the Disabled*, 197 S.W.3d 795, 798 (Tex. 2006) (per curiam). To prevail in an equitable bill of review proceeding, the plaintiff must establish: "(1) a meritorious defense to the cause of action alleged to support the judgment, (2) that he was prevented from making by the fraud, accident or wrongful act of his opponent, (3) unmixed with any fault or negligence of his own." *Power v. Chapman*, 994 S.W.2d 331, 335 (Tex. App.—Texarkana 1999, no pet.) (quoting *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 407-08 (Tex. 1987)). "A bill of review will not lie if the party seeking the bill of review failed to pursue legal remedies which were available to him." *Id.* We express no opinion regarding whether Brett may prevail in such a proceeding.

[5] Sales apparently filed the motion to disqualify more than 30 days after the probate court appointed Passmore as co-independent executor.

Passmore on the ground that he was a convicted felon. Passmore responded by filing a "plea to the jurisdiction" arguing the court lacked jurisdiction to consider Sales's motion. The probate court agreed that it did not have jurisdiction to entertain the motion to disqualify. *Id.* at 36.

The El Paso Court of Appeals affirmed, holding: (1) the order appointing Passmore was voidable, not void; (2) Sales had notice and an opportunity to lodge a direct attack on the disqualification but failed to do so; and (3) the only avenue available for relief was a motion to remove Passmore under the terms of the Probate Code. *Id.*

In *Walton v. First National Bank of Trenton*, 956 S.W.2d 647 (Tex. App.—Texarkana 1997, pet. denied), Walton served as independent administrator. First National Bank presented to her and filed with the probate court an authenticated secured claim based on a purchase money note. Walton did not act on the bank's claim, but the probate court endorsed the claim as allowed. The probate court transferred certain contested matters to district court where the bank refiled its claim. Walton responded by filing a memorandum rejecting the claim. *Id.* at 650.

The bank later filed a trespass to try title suit based on the estate's default on the purchase money vendor's lien. A few months later (and more than eight months after the probate court allowed the bank's claim), the estate filed a statutory and equitable bill of review seeking to set aside the probate court's order approving the bank's claim. The matters were all consolidated in district court which ruled in the bank's favor. *Id.*

The Texarkana Court of Appeals affirmed, holding: (1) because the estate did not appeal the probate court's order, it became "a final judgment not vulnerable to

collateral attack"; and (2) the probate court's failure to comply with the probate code's prescribed procedures "rendered the order erroneous, but only voidable, not void." *Id.*

### Conclusion

The portion of the 2007 order appointing William as independent executor is at most voidable. It is not void. Thus, it can be challenged only by direct attack. When Brett filed his motion to declare this order void, the trial court's plenary power over the order had expired. Accordingly, we sustain William's first issue and do not reach the remainder of the issues presented.

We reverse the judgment and remand this cause to the trial court for further proceedings consistent with this opinion.

FELIPE REYNA
Justice

Before Justice Reyna,
    Justice Davis, and
    Judge Hamilton[6]
Reversed and remanded
Opinion delivered and filed November 25, 2009
[CV06]

---

[6] The Honorable Lee Hamilton, Judge of the 104th District Court of Taylor County, sitting by assignment of the Chief Justice of the Supreme Court of Texas pursuant to section 74.003(h) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(h) (Vernon 2005).