IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 

 



No. 10-09-00177-CV

 

In
re William R. Vance, Jr., Individually 

and
as Independent Executor of the 

Estate
of Florene K. Grace, Deceased

 




 
 
 
 
 
 
 


 

 



No. 10-09-00211-CV

 

In
the MATTER OF THE Estate of 

Florene
K. Grace, Deceased

 

 



From the County Court
at Law No. 1

Brazos County, Texas

Trial Court No. 12,787-PC

 



MEMORANDUM Opinion



 

            Relator/Appellant William R.
Vance, Jr. challenges the trial court’s 2009 order declaring as void that
court’s 2007 order appointing him as Independent Executor of the Estate of
Florene K. Grace, Deceased.  We will deny Vance’s mandamus petition because he
has an adequate remedy at law.  We will reverse the challenged order and remand
this cause to the trial court for further proceedings.

Background

            Florene K. Grace died on
January 3, 2007.  In her will she named her daughter Carolyn G. Vance as
independent executor and her granddaughter Karen V. Atkinson as successor
independent executor.  William R. Vance, Jr. filed an application to probate
Florene’s will and sought (with Carolyn’s joinder) to be appointed as
independent executor “pursuant to Texas Probate Code § 154A.”  Carolyn stated
in an affidavit filed with the application that she joined the application “for
the purpose of seeking” William’s appointment as successor independent executor
in place of the named executors who waived their right to serve.  Carolyn and
Karen later signed affidavits waiving and renouncing their rights to be
appointed independent executor “in favor of William.”  By order signed February
2, 2007, the court admitted the will to probate, appointed William as
independent executor, and required William to post a bond in the amount of
$50,000.

            Carolyn filed a motion to
remove William as independent executor in October 2008.  She alleged that he
had failed to provide an accounting and had misapplied assets of the estate. 
She later added: (1) a claim for declaratory relief regarding the ownership of
a residential property in Georgia and of Tricom Broadcasting, Inc., which
through a wholly-owned subsidiary holds the license for a radio station in
Nacogdoches; and (2) a claim that William’s conduct constitutes a breach of
fiduciary duty and “an undeniable conflict of interest between [William] and
the Estate and its sole beneficiary [Carolyn].”

            William answered the suit
with a general denial, affirmative defenses, verified denials, and numerous
counterclaims.  He named three additional counter-defendants: his brother Brett
Alan Vance, his cousin Kimberly A. Grace, and his sister Karen V. Atkinson. 
William named these additional counter-defendants as contingent beneficiaries
under the will “who may be entitled to receive assets of the estate” because of
Carolyn’s claims.  William also alleged that Brett is “a possible debtor to the
Decedent’s Estate based upon his acts and omissions.”[1] 
Brett responded by general denial.

            On April 13, 2009, Brett
filed a motion to declare as void the court’s February 2007 order appointing
William as independent executor because William: (1) is not named as
independent executor in the will; (2) did not satisfy the requirements of
section[2]
154A (which was listed as a basis for appointment in the application to probate
the will); and (3) did not satisfy the requirements for appointment as an
independent administrator under section 145(d).  Brett contended that, because
these requirements were not satisfied, the court did not have jurisdiction to
appoint William as independent executor and thus the court’s order was void.

            The court held a hearing on
Brett’s motion on April 24.  At the conclusion of the hearing, the court
advised the parties that it would take the motion under advisement and issue a
ruling “as quickly as possible.”  The next day, the court sent the following
letter to the parties:

            After reviewing the briefs,
caselaw and arguments provided by the attorneys concerning Brett A. Vance’s
Motion to Void the Order Admitting the Will the [sic] Probate and Authorizing
Letters Testamentary, I hereby declare that the order admitting the will to
probate is valid, however the portion appointing William R. Vance, Jr. as
Independent Executor and authorizing letters testamentary is void.  I am
ordering the [sic] William R. Vance, Jr. immediately surrender all letters
testamentary in his possession to the Brazos County Clerk and cease to act in
any way as the personal representative of the Estate of Florene K. Grace.  I am
requesting that Ms. Upchurch provide the Court an order that complies with this
ruling within 10 days.

 

The court signed an order on June 11
effectuating this ruling.

            William filed a mandamus
petition challenging the letter ruling on June 4.  He filed a notice of appeal
challenging the written order on July 1.

Mandamus

            The trial court’s written
order is identical in substance to its earlier letter ruling.  The parties do
not dispute that the written order is an appealable order.  Therefore, we deny
the mandamus petition because William has an adequate remedy by appeal.  See
In re McAllen Med. Ctr., Inc., 275 S.W.3d 458, 462 (Tex. 2008) (to be
entitled to mandamus relief, a party must have no adequate remedy by appeal).

Void or Voidable?

            William contends in his
first issue that the trial court lacked jurisdiction to declare part of the
2007 order void because that order was at most voidable and because the court’s
plenary power “had long since lapsed” when it purported to set aside that
order.  Brett responds that: (1) because this is a probate matter, the trial
court has continuing jurisdiction to set aside a prior void order; (2) the
order was void ab initio because the court had no legal authority to enter it
based on the pleadings and proof; and (3) he had no other viable avenue to
raise the court’s lack of jurisdiction to appoint William.

            “A judgment is void only
when it is apparent that the court rendering the judgment had no jurisdiction
of the parties, no jurisdiction of the subject matter, no jurisdiction to enter
the judgment, or no capacity to act as a court.”  Ayala v. Mackie, 158
S.W.3d 568, 573 (Tex. App.—San Antonio 2005, pet. denied) (quoting Mapco,
Inc. v. Forrest, 795 S.W.2d 700, 703 (Tex. 1990) (orig. proceeding) (per
curiam)); see Reiss v. Reiss, 118 S.W.3d 439, 443 (Tex. 2003). 
Conversely, “[e]rrors other than lack of jurisdiction, such as ‘a court’s
action contrary to a statute or statutory equivalent,’ merely render the
judgment voidable so that it may be ‘corrected through the ordinary appellate
process or other proper proceedings.’”  Reiss, 118 S.W.3d at 443 (quoting
Mapco, 795 S.W.2d at 703); Ayala, 158 S.W.3d at 573.

            Thus, only a void judgment
may be challenged by collateral attack.  Hagen v. Hagen, 282
S.W.3d 899, 902 (Tex. 2009).  A voidable judgment must be challenged by direct
attack.  Id.; Oropeza v. Valdez, 147 S.W.3d 480, 482 (Tex. App.—San Antonio 2004, no pet.).

Direct attacks in the trial court
include the granting of a motion for new trial and a bill of review.  Direct
attacks in the court of appeals include an ordinary appeal, an appeal by writ
of error (now referred to as a “restricted appeal”), and an appeal by writ of
error from a bill of review judgment.  There is neither a set procedure for a
collateral attack nor a statute of limitations.  Collateral attacks may be used
only to set aside a judgment which is void, or which involved fundamental
error.  Fundamental error for this purpose means cases where “the record shows
the court lacked jurisdiction or that the public interest is directly and
adversely affected as that interest is declared in the statutes or the
Constitution of Texas.”

 

Oropeza, 147 S.W.3d at 482 (quoting Glunz v.
Hernandez, 908 S.W.2d 253, 255
(Tex. App.—San Antonio 1995,
writ denied))[3]
(citations omitted).

            Brett summarizes his
contention that the 2007 order appointing William as independent executor is
void thusly:

Bill’s Original Application and the
proof presented to the trial court at the hearing on that application did
not meet the procedural requirements for establishing an independent
administration under Probate Code Section 145; therefore, the court had no
jurisdiction to enter the 2007 Order appointing Bill as independent executor of
the Estate.  Based on this, the trial court correctly concluded that the 2007
Order was void ab initio  .  .  .  .

 

(emphasis added).  In other words, Brett
contends that the order is void because William failed to satisfy the statutory
requirements of section 145.  Assuming without deciding that Brett is correct
on the issue of whether William properly qualified as independent executor
under the applicable statute, the order appointing William to serve in this
capacity would be at most voidable and not void.  See Reiss, 118 S.W.3d at
443; Ayala, 158 S.W.3d at 573.

            No one disputes that the
trial court had subject matter jurisdiction to appoint an independent executor,
that all parties were properly before the court when the appointment was made,
or that the trial court had the capacity to act as a court when the appointment
was made.  Thus, the portion of the 2007 order which appointed William as
independent executor was not void but was at most voidable.  Id.

Direct Attack

            As stated, a voidable
judgment must be challenged by direct attack.  Hagen, 282 S.W.3d at 902;
Oropeza, 147 S.W.3d at 482.  Brett does not devote any attention to this
issue in his brief because his primary contention is that the 2007 order was
void rather than voidable.

            Generally, a lawsuit results
in only one appealable judgment­—the “final judgment.”  See Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  However, probate
proceedings are different.  Id.

A probate proceeding consists of a
continuing series of events in which the probate court may make decisions at
various points in the administration of the estate on which later decisions
will be based.  In probate proceedings, the need to review controlling,
intermediate decisions, before an error can harm later phases of the
proceedings, justifies modifying the one final judgment rule.

 

In re Estate of Davidson, 153 S.W.3d 301, 304 (Tex.
App.—Beaumont 2004, pet. denied) (citing Logan v. McDaniel, 21 S.W.3d 683,
688 (Tex. App.—Austin 2000, pet. denied)).

            Here, no one disputes that
the 2007 order admitting the will to probate and appointing William as
independent executor was an appealable order.  See, e.g., Boone v. LeGalley,
29 S.W.3d 614 (Tex. App.—Waco 2000, no pet.).  Any direct attack on that order
must have been brought within the time periods permitted.

Direct attacks in the trial court
include the granting of a motion for new trial and a bill of review.  Direct
attacks in the court of appeals include an ordinary appeal, an appeal by writ
of error (now referred to as a “restricted appeal”), and an appeal by writ of
error from a bill of review judgment.

 

Oropeza, 147 S.W.3d at 482 (citations omitted).

            Brett filed his motion to
declare the 2007 order void more than two years after the court signed the
order.  This was outside the time for filing a motion for new trial, a direct
appeal, a restricted appeal, or a statutory bill of review under section 31 of
the Probate Code.  See Tex. Civ.
Prac. & Rem. Code Ann. § 51. 013 (Vernon 2008); Tex. Prob. Code Ann. § 31 (Vernon 2003);
Tex. R. App. P. 26.1; Tex. R. Civ. P. 329b(a).  The time has not
yet run for the filing of an equitable bill of review proceeding, which is
subject to a four-year statute of limitations.[4] 
See Tex. Civ. Prac. & Rem.
Code Ann. § 16.051 (Vernon 2008); Caldwell v. Barnes, 975 S.W.2d
535, 538 (Tex. 1998); Manley v. Parsons, 112 S.W.3d 335, 338 (Tex. App.—Corpus Christi 2003, pet.
denied).

            The trial court’s plenary
authority over the 2007 order appointing William as independent executor had
long since expired when Brett filed his motion to declare this order void.  Thus,
the court could not consider the motion.  Our research has disclosed two cases
which support our conclusion concerning the trial court’s lack of authority.

In Sales v. Passmore, 786 S.W.2d
35 (Tex. App.—El Paso 1990, writ dism'd by agr.), Passmore was named in the
will as co-independent executor, and the probate court appointed him to serve
in this capacity.  Sales later[5]
filed a motion to disqualify Passmore on the ground that he was a convicted
felon.  Passmore responded by filing a “plea to the jurisdiction” arguing the
court lacked jurisdiction to consider Sales's motion.  The probate court agreed
that it did not have jurisdiction to entertain the motion to disqualify.  Id.
at 36.

The El Paso Court of Appeals affirmed,
holding: (1) the order appointing Passmore was voidable, not void; (2) Sales
had notice and an opportunity to lodge a direct attack on the disqualification
but failed to do so; and (3) the only avenue available for relief was a motion
to remove Passmore under the terms of the Probate Code.  Id.

In Walton v. First National Bank of
Trenton, 956 S.W.2d 647 (Tex. App.—Texarkana 1997, pet. denied), Walton
served as independent administrator.  First National Bank presented to her and
filed with the probate court an authenticated secured claim based on a purchase
money note.  Walton did not act on the bank’s claim, but the probate court
endorsed the claim as allowed.  The probate court transferred certain contested
matters to district court where the bank refiled its claim.  Walton responded
by filing a memorandum rejecting the claim.  Id.
at 650.

The bank later filed a trespass to try
title suit based on the estate’s default on the purchase money vendor's lien. 
A few months later (and more than eight months after the probate court allowed
the bank’s claim), the estate filed a statutory and equitable bill of review
seeking to set aside the probate court’s order approving the bank’s claim.  The
matters were all consolidated in district court which ruled in the bank’s
favor.  Id.

The Texarkana Court of Appeals affirmed,
holding: (1) because the estate did not appeal the probate court’s order, it
became “a final judgment not vulnerable to collateral attack”; and (2) the probate
court’s failure to comply with the probate code’s prescribed procedures “rendered
the order erroneous, but only voidable, not void.”  Id.

Conclusion

            The portion of the 2007
order appointing William as independent executor is at most voidable.  It is
not void.  Thus, it can be challenged only by direct attack.  When Brett filed
his motion to declare this order void, the trial court’s plenary power over the
order had expired.  Accordingly, we sustain William’s first issue and do not
reach the remainder of the issues presented.

We reverse the judgment and remand this
cause to the trial court for further proceedings consistent with this opinion.

 

FELIPE REYNA

Justice

Before Justice
Reyna,

Justice
Davis, and

Judge
Hamilton[6]

Reversed and
remanded

Opinion
delivered and filed November 25, 2009

[CV06]








 









[1]
              With regard to
Brett, William alleged that he (and Carolyn) are liable for conversion of
estate property, civil theft, and civil conspiracy.  William alleged additional
counterclaims against Carolyn for breach of fiduciary duty, breach of trust,
constructive fraud, fraud in the inducement, and statutory fraud, and he sought
a declaratory judgment that Carolyn’s suit constitutes an indirect attack on
the will in violation of an in terrorem clause in the will.

 





[2]
              As used hereinafter,
the term “section” refers to a section of the Probate Code unless otherwise
indicated.





[3]
              The original
quotation is from Pirtle v. Gregory, 629 S.W.2d 919, 920 (Tex. 1982) (per curiam).





[4]
              “[A] bill of review
is a separate proceeding from the underlying suit.”  Ross v. Nat’l Ctr. for
the Employment of the Disabled, 197 S.W.3d 795, 798 (Tex. 2006) (per
curiam).  To prevail in an equitable bill of review proceeding, the plaintiff
must establish:  “(1) a meritorious defense to the cause of action alleged to
support the judgment, (2) that he was prevented from making by the fraud,
accident or wrongful act of his opponent, (3) unmixed with any fault or
negligence of his own.”  Power v. Chapman, 994 S.W.2d 331, 335 (Tex.
App.—Texarkana 1999, no pet.) (quoting Transworld Fin. Servs. Corp. v.
Briscoe, 722 S.W.2d 407, 407-08 (Tex. 1987)).  “A bill of review will not
lie if the party seeking the bill of review failed to pursue legal remedies
which were available to him.”  Id.  We express no opinion regarding
whether Brett may prevail in such a proceeding.

 





[5]
              Sales apparently
filed the motion to disqualify more than 30 days after the probate court
appointed Passmore as co-independent executor.





[6]
              The Honorable Lee
Hamilton, Judge of the 104th District Court of Taylor County, sitting by
assignment of the Chief Justice of the Supreme Court of Texas pursuant to
section 74.003(h) of the Government Code.  See Tex. Gov’t Code Ann. § 74.003(h) (Vernon 2005).