Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-11-00158-CV

**NELSON'S LEGAL INVESTIGATING & CONSULTING**, and Chris Nelson, Individually,
and Chris Nelson D/B/A Nelson's Legal Investigating & Consulting,
Appellants

v.

David **MYRICK**,
Appellee

From the 49th Judicial District Court, Zapata County, Texas
Trial Court No. 5665
Honorable Jose A. Lopez, Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  December 7, 2011

AFFIRMED

This appeal raises procedural issues pertaining to the scope of remand after an appellate court renders a judgment based on a motion for partial summary judgment.  In *Myrick v. Nelson's Legal Investigating & Consulting*, No. 04-08-00174-CV, 2009 WL 1353538, at *4 (Tex. App.—San Antonio May 13, 2009, no pet.) (*Myrick I*) (mem. op.), this court held that the trial court erred in denying a motion for partial summary judgment.  Based on our holding, we reversed the trial court's judgment, rendered the judgment the trial court should have rendered in

granting the motion for partial summary judgment, and remanded the cause for further proceedings. *Id*.

In this appeal, Nelson's Legal Investigating & Consulting and Chris Nelson, individually and doing business as Nelson's Legal Investigating & Consulting, (collectively "Nelson") challenge the trial court's award of attorney's fees in David Myrick's favor on remand. Because we hold the trial court properly awarded Myrick his attorney's fees, we affirm.

## BACKGROUND

The facts giving rise to the underlying cause are set forth in *Myrick I*. 2009 WL 1353538, at *1. Briefly, Myrick filed the underlying cause after Nelson filed an abstract of a Utah judgment in the deed records in Zapata County. Among other claims, Myrick's petition included a claim under the Uniform Declaratory Judgments Act, requesting a judgment declaring that the Utah judgment was void. Myrick also sought to recover attorney's fees under the Act.

Nelson filed a no-evidence motion for summary judgment attacking all of Myrick's claims, while Myrick filed a cross-motion for partial summary judgment seeking a declaration that "the Utah judgment was void for want of personal jurisdiction due to the failure to properly serve Myrick with process." The trial court granted Nelson's motion and denied Myrick's motion.

In *Myrick I*, this court addressed "only Myrick's argument that the trial court erred in denying his motion for partial summary judgment," noting this issue was dispositive of all other issues on appeal. *Id*. at *3. This court noted, "In his cross-motion for partial summary judgment, Myrick contended he conclusively established that he was not properly served in the Utah lawsuit, and therefore, he was entitled to a summary judgment vacating the Utah judgment and declaring it void." *Id*. After concluding that Myrick conclusively established that he was not

properly served in the Utah proceeding, we reversed the trial court's judgment and rendered judgment "in favor of Myrick that the Utah Judgment is void because Myrick was not properly served." *Id*. at *4. We remanded the cause "for further proceedings."

On remand, Myrick filed a motion for entry of judgment in his favor and for an award of attorney's fees. After two hearings, the trial court signed a judgment awarding attorney's fees to Myrick.

## DECLARATORY JUDGMENT CLAIM

In issues one, three, and four, Nelson argues that Myrick is not entitled to recover attorney's fees based on the claims asserted. Nelson misconstrues *Myrick I* as holding that Myrick had asserted only a claim for slander of title. This court, however, recognized that Myrick had asserted a declaratory judgment claim seeking a declaration that the Utah judgment was void. *Id*. at *3. Moreover, this court rendered a partial judgment on the declaratory judgment claim and declared the Utah judgment to be void. *Id*. at *4.

Because the parties had filed competing motions for summary judgment, this court was obligated in *Myrick I* to "review the summary judgment evidence presented by both sides and determine all questions presented." *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We then were required to "render the judgment as the trial court should have rendered." *Id*. Accordingly, we rendered judgment granting Myrick's motion for partial summary judgment and declared the Utah judgment to be void.

In remanding the cause, we placed the trial court back in the position in which it would have been if the trial court had granted the motion for partial summary judgment. In this case, consistent with Rule 166a of the Texas Rules of Civil Procedure, Myrick had moved for a summary judgment in his favor on part of his claim because his motion did not address his

request for attorney's fees under the Act. *See* TEX. R. CIV. P. 166a(a) ("A party seeking to recover upon a claim . . . may . . . move . . . for a summary judgment in his favor upon all or any part thereof."). As Rule 166a instructs, a partial summary judgment, which is "interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to amount of damages." *Id*. By rendering partial summary judgment, this court resolved all issues pertaining to Myrick's right to declaratory relief in his favor. Because Myrick did not move for summary judgment as to his attorney's fees even though the recovery of those fees was permissible under the Act, the amount that Myrick was entitled to recover for attorney's fees remained pending for the trial court's consideration on remand. *See id*; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2008) (stating attorney's fees recoverable for declaratory judgment claim); *Wagner v. D'Lorm*, 315 S.W.3d 188, 193 (Tex. App.—Austin 2010, no pet.) (courts have jurisdiction to declare the judgment of another court to be void); *see also In re Estate of Blankenship*, No. 04-08-00043-CV, 2009 WL 1232325, at *3 (Tex. App.—San Antonio May 6, 2009, pet. denied) ("A declaratory judgment action may be coincident with a collateral attack.") (mem. op.); *Oropeza v. Valdez*, 147 S.W.3d 480, 482 (Tex. App.—San Antonio 2004, no pet.) (noting no set procedure exists for a collateral attack).

**PRESENTATION OF EVIDENCE ON REMAND**

In his second issue, Nelson contends that Myrick was not entitled to recover attorney's fees because he did not present evidence to prove up the fees at the time the trial court granted Nelson's summary judgment before the first appeal. Nelson further contends that Myrick is not entitled to recover attorney's fees because he did not identify the trial court's failure to award him those fees as an issue in the prior appeal.

One of the primary cases cited by Nelson in support of his contention is *Patriot Homes, Inc. v. Lopez*, No. 04-04-00645-CV, 2005 WL 1676711 (Tex. App.—San Antonio July 20, 2005, no pet.) (mem. op.). In that case, Patriot Homes appealed a judgment in its favor, arguing that the trial court erred in reducing its damage award by a rebate Lopez claimed he was owed. *Id.* at *1. This court sustained Patriot Homes's complaint and remanded the cause to the trial court for the entry of a judgment that included the amount of the rebate in the damage award. *Id.* On remand, Patriot Homes filed additional motions with the trial court seeking to recover attorney's fees. *See Patriot Homes, Inc. v. Lopez*, No. 04-06-00407-CV, 2007 WL 56708, at *1 (Tex. App.—San Antonio Jan. 10, 2007, no pet.) (mem. op.). This court noted, "The brief filed by Patriot Homes in [the first] appeal did not raise any issue regarding the trial court's refusal to award it attorney's fees ***even though the trial court's judgment awarded Patriot Homes breach of contract damages***." *Id.* (emphasis added). This court then held, "Because Patriot Homes failed to challenge the trial court's refusal to award it attorney's fees in the initial appeal, the award of such fees was outside the scope of the remand." *Id.*

The fundamental difference between this case and *Patriot Homes* is that Myrick was not awarded a judgment in its favor before the first appeal. Instead, judgment was awarded in favor of Nelson.

In *Butler v. Wright Way Spraying Serv.*, 683 S.W.2d 823 (Tex. App.—San Antonio 1984), *rev'd on other grounds*, 690 S.W.2d 897 (Tex. 1985), this court explained the procedure applicable when the trial court's judgment is reversed on appeal in circumstances similar to the instant case. In that case, Wright Way Spraying Service sued Butler on a sworn account. *Id.* at 824. Butler filed a counterclaim alleging that Wright Way had charged him usurious interest. *Id.* at 825. After a bench trial, the trial court entered a judgment in favor of Wright Way, and

denied Butler's counterclaim. *Id.* On appeal, Butler contended the trial court erred in denying his counterclaim because the evidence established that he was being charged usurious interest as a matter of law. *Id.* This court agreed and held that Wright Way was charging usurious interest as a matter of law. *Id.* at 831. Accordingly, this court reversed the trial court's judgment and rendered judgment in favor of Butler on his usury claim. *Id.* at 832. This court then noted that Butler prayed for reasonable attorney's fees as permitted by statute; however, "no evidence was adduced on the matter due to the trial court's refusal to find usury." *Id.* This court then remanded the issue of attorney's fees to the trial court for its determination. *Id.*

Similar to *Butler*, no evidence was adduced on Myrick's attorney's fees due to the trial court's erroneous denial of his motion for partial summary judgment. The fact that the remand in *Myrick I* necessarily encompassed Myrick's right to recover attorney's fees is even more apparent in this case when the procedural posture of the case is considered. Myrick had moved for only a partial summary judgment; therefore, this court's rendition of judgment in his favor resulted in only a partial summary judgment. No final judgment had been rendered, leaving Myrick's other claims and his request for attorney's fees pending.

Accordingly, the trial court's award of attorney's fees was within the scope of the remand. Myrick's decision to abandon his other claims and obtain judgment only on his request for attorney's fees under the Act had no impact on his ability to recover attorney's fees for his declaratory judgment claim.

In his brief, Nelson also raises a contention that Myrick was required to segregate his attorney's fees because he asserted a fraud claim for which attorney's fees were not recoverable. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313-14 (Tex. 2006) (requiring segregation of recoverable fees from unrecoverable fees). Myrick's attorney testified that he had

billed Myrick $31,000 for about 155 hours of legal work at $200 per hour. Myrick's attorney also testified that he did not include a separate tort cause of action in the pleadings, but alleged fraud in the procurement of the Utah judgment as part of the declaratory judgment claim in a supplemental pleading. Myrick's attorney stated that no separate tort action was pled where time was spent separate from the time spent on the declaratory judgment claim. Myrick's attorney further testified:

> . . . if there were any requirement to segregate the amount of time spent on filing a supplemental pleading interlineating a fraudulent procurement claim, that would not have taken more than one hour to do[,] and it was not any other part of the case[,] in which case the fees would be reduced by $200[;] but out of an abundance of caution[,] we believe that an equity and just [sic] at least $30,000 would be a reasonable amount of attorney's fees to be awarded under those circumstances.

The trial court then questioned Myrick's attorney about his inclusion of a request for exemplary damages that would not be recoverable for a declaratory judgment claim. Myrick's attorney responded that he included the exemplary damages in relation to the claim regarding fraudulent procurement of service; however, he pointed out in his response to Nelson's summary judgment motion that the fraud was simply a predicate mental state regarding the service issue and not a separate cause of action for fraud. The trial court awarded Myrick $16,500 in attorney's fees plus conditional appellate attorney's fees.

Having reviewed the record, we find evidence regarding segregation. *See id.* at 314 (noting segregation proof would be sufficient based on testimony that 95% of the attorney's time was spent on a claim for which fees were recoverable). Based on the trial court's award, it would appear that the trial court may not have been convinced by the testimony relating to segregation, and thus awarded a lesser amount than Myrick requested. Nevertheless, because

Myrick presented evidence pertaining to the segregation of his attorney's fees, Nelson's complaint is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice