Maria Cristina Brittingham Sada de AYALA; Barbara Brittingham Sada de Powers; Angel Eduardo Marroquin Brittingham; Guillermo Marroquin Brittingham; Mauricio Marroquin Brittingham; Juan Carlos Lobeira–Brittingham; Maria Cristina Lobeira Brittingham; Daniela Lobeira Brittingham; Daniel Milmo Brittingham; Brandon Milmo–Brittingham; and Roberto Tijerina, Executor of the Dominant Estate of Juan Roberto Brittingham–McLean, Deceased, Appellants,

v.

Kevin Michael MACKIE, Named Administrator of the Ancillary Estate of Juan Roberto Brittingham–McLean, Deceased, Appellee.

No. 04–04–00302–CV.

Court of Appeals of Texas, San Antonio.

Jan. 12, 2005.

W. Wendell Hall, Rosemarie Kanusky, Fulbright & Jaworksi L.L.P., San Antonio, for appellants.

Bruce J. Werstak, III, Sames & Werstak, L.L.P., Homero G. Martinez, Homero G. Martinez, P.L.L.C., Alison White Haynes, Kenneth A. Valls, Wilson, Trevino, Freed, Valls & Trevino, P.L.L.C., Laredo, Jason M. Davis, Law Office of Jason M. Davis, P.C., San Antonio, Kathleen S. Rose, Michael W. Perrin, King & Spaulding, L.L.P., Houston, Vincent L. Marable, III, Paul Webb, P.C., Wharton, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by SANDEE BRYAN MARION, Justice.

This is the third appeal from a probate proceeding involving the assets of a Mexican decedent, and a dispute between his surviving spouse and some of his children and grandchildren. In the first appeal, a panel of this court determined the probate court had subject matter jurisdiction, but reversed the court's order appointing Ana Maria Brittingham as executrix and remanded the cause. *See Ayala v. Brittingham,* 131 S.W.3d 3 (Tex.App.-San Antonio 2003, pet. filed). In the second appeal, a panel of this court determined the probate court's exercise of personal jurisdiction over some of the Mexican defendants was unreasonable and did not comport with fair play and substantial justice. *See Brittingham–Sada de Powers v. Ancillary Estate of Brittingham–McLean,* No. 04–01–00389–CV, 158 S.W.3d 518, 2004 WL 2599405 (Tex.App.-San Antonio Nov.17, 2004, no pet. h.). This appeal arises from the probate court's appointment of a successor administrator, following our remand of the first appeal. We affirm the order denying Roberto Tijerina's application to name him as successor executor; however,

because the order appointing Kevin Mackie did not set a bond, we reverse that order and remand.

## BACKGROUND

Juan Roberto Brittingham–McLean, a resident of Mexico, died in Mexico on January 14, 1998. The two executors named in Mr. Brittingham's will, Harold Turk and Raul Hernandez–Garcia, submitted the will for probate in Mexico on January 28, 1998. Turk and Hernandez–Garcia later resigned as executors, and the Mexican probate court appointed Jose Flores Zaher Diab as successor executor.

In February 1999, Mr. Brittingham's widow, Ana Maria Brittingham ("Ana Maria") sued Mr. Brittingham's estate in Mexico, seeking to set aside her marital agreement with Mr. Brittingham and asserting a community property claim to assets of Mr. Brittingham's estate. The Mexican court denied Ana Maria's claim.

In August 2000, Ana Maria filed an application for ancillary probate of Mr. Brittingham's will in Webb County, Texas. The Texas probate court admitted the will to probate and issued ancillary letters testamentary naming Ana Maria as executrix and requiring her to file a bond. This court reversed the probate court's order appointing Ana Maria as executrix. *See Ayala,* 131 S.W.3d at 8–10. John R. Brittingham Aguirre ("Aguirre") later intervened in the Texas probate action.

Diab filed an application to be appointed representative of the Texas estate. However, Diab later resigned as executor in Mexico, and he withdrew his application in Texas. The Mexican court appointed Roberto Tijerina as successor executor of the Mexican estate.

Tijerina then filed an application in the Texas proceeding to name him as successor executor of the ancillary estate. At the hearing on Tijerina's application,

Aguirre objected to Tijerina's appointment, arguing Tijerina was not qualified or suitable to act as representative. Aguirre did not suggest the name of another successor; instead, he asked the probate court to name a qualified individual of good character residing in Webb County as successor. Following the hearing, the court denied Tijerina's application and appointed Kevin Mackie as successor executor of the ancillary estate. After this appeal was perfected, the court clarified its earlier order, and named Mackie as administrator.

## ANALYSIS

On appeal, the appellants raise the following issues: (1) there is no need for continuing administration of the ancillary estate; (2) Tijerina was entitled to appointment as successor executor under Probate Code section 105; (3) the order appointing Mackie ancillary administrator is void; and (4) Mackie is not authorized to take any action on the estate's behalf. We must uphold the court's determinations unless the record clearly shows an abuse of discretion. *Davis v. Cayton*, 214 S.W.2d 801, 804 (Tex.Civ.App.-Amarillo 1948, no writ) (determining whether there is a necessity for continued administration); *Olguin v. Jungman*, 931 S.W.2d 607, 610 (Tex.App.-San Antonio 1996, no writ) (determining whether an individual is "suitable" to be appointed a successor representative).

■ When, as here, a duly appointed representative of the estate resigns or is removed, the court may appoint a successor if there is a continuing necessity for a successor representative and administration of the estate. *See* TEX. PROB.CODE ANN. §§ 220(a), 223 (Vernon 2003). The necessity for a continued administration must be presumed in every case, unless the party opposing administration proves

no necessity exists. *Davis*, 214 S.W.2d at 804.

At the April 6, 2004 hearing on Tijerina's application, Tijerina said he considered this to be a "complicated estate administration" because of the pending litigation between family members, and he agreed that the court had "jurisdiction right now" to appoint a successor. Aguirre asserted that because of various legal proceedings, including appeals before the Texas Supreme Court and this court, the appointment of a successor representative for the estate was necessary. No evidence was offered to rebut the presumption that a continuing need for administration existed. We conclude the probate court did not abuse its discretion in determining there was a continuing need for administration and the need for appointment of a successor representative was immediate.

■ Appellants next assert Tijerina was entitled to appointment as successor executor pursuant to Texas Probate Code section 105, which provides as follows:

When a foreign will is admitted to ancillary probate in accordance with Section 95 of this Code, *the executor named in such will* shall be entitled to receive, upon application, letters testamentary upon proof that he has qualified as such in the jurisdiction in which the will was admitted to probate, and that he is not disqualified to serve as executor in this State. After such proof is made, the court shall enter an order directing that ancillary letters testamentary be issued to him. If letters of administration have previously been granted by such court in this State to any other person, such letters shall be revoked upon the application of the executor after personal service of citation upon the person to whom such letters were granted.

TEX. PROB.CODE ANN. § 105 (emphasis added).

Appellants assert section 105 makes the appointment of the foreign executor, even one not named in the will, mandatory, unless that person is otherwise disqualified. Appellants argue that because section 105 does not contemplate a situation such as the one presented here—where no successor is named in the will—this court should read into section 105 a requirement that the executor named in a foreign will *as well as any foreign successor executors* shall be entitled to receive letters testamentary. We need not determine whether a foreign successor who is not named in the will is entitled to appointment under section 105 because, as appellants concede on appeal, whether Tijerina's application is viewed under section 77 or section 105, he must still meet the requirement that he be qualified.[1] *See id.* §§ 77 ("Order of Persons Qualified to Serve"); 105 (requiring that foreign executor not be disqualified).

■ Under Probate Code section 78, an individual whom the court finds "unsuitable" is not qualified to serve as an executor or administrator. *See id.* § 78(e). The Probate Code does not define "unsuitable," and case law has recognized no comprehensive, discrete explanation delineating attributes that make someone unsuitable under the Probate Code. *See Boyles v. Gresham,* 158 Tex. 158, 309 S.W.2d 50, 53–54 (1958) (declining to define "unsuitable"); *Olguin,* 931 S.W.2d at 610; *Dean v. Getz,* 970 S.W.2d 629, 633 (Tex.App.-Tyler 1998, no pet.). "It would appear, therefore, that the legislature intended for the trial court to have wide latitude in determining who would be appropriate for the purpose of administering estates." *Dean,* 970 S.W.2d at 633.

Tijerina, who is an attorney in Mexico, admitted he had prepared contracts for companies represented by one of the Brittingham appellants, Juan Carlos Lobeira; Mr. Lobeira was the first to approach him about acting as executor of the Mexican probate estate; and all of the Brittingham appellants supported his appointment as such. Aguirre pointed out to the court that Tijerina's application for appointment as executor of the Texas probate estate was supported by the very individuals, the Brittingham appellants, who were the defendants in the underlying lawsuit. Aguirre expressed his concern that an executor supported by these defendants may be influenced to simply dismiss the underlying lawsuit. Aguirre argued that any individual proposed by any of the parties, himself or the Brittingham appellants, would have "unclean hands." Therefore, according to Aguirre, the interests of the estate were best protected by the appointment of an individual of the court's choosing. Based on this record, we conclude the probate court did not abuse its discretion in denying Tijerina's application for appointment as successor executor.

■ Finally, appellants assert the order appointing Mackie ancillary administrator is void, and that Mackie is not authorized to take any action on the estate's behalf.[2]

---

1. In their first issue, appellants assert Aguirre has no standing to object to Tijerina's application; therefore, Tijerina's application was unopposed and the probate court erred in denying the unopposed application. Even if Aguirre had no standing to object, we disagree with appellants' assertion that an unopposed application must be granted. A trial court must still determine whether an applicant is qualified to serve. *See* TEX. PROB.CODE ANN. §§ 77(h), 78(e), 105.

2. On appeal, appellants insist they are not challenging Mackie's qualifications to serve as administrator of the estate. Instead, they challenge only the procedure by which he was appointed, and our opinion is limited to that challenge alone.

Appellants contend the order appointing him is void because Mackie did not file an application to be appointed successor representative, Mackie was appointed in the absence of notice and a hearing, and the order did not establish a bond. Because the probate court determined there was an immediate need for the appointment of a successor representative, the court was authorized to make such an appointment without citation or notice. *See* TEX. PROB. CODE ANN. §§ 179, 220(a), 223. Nevertheless, appellants received notice. At the April 6th hearing, Aguirre objected to Tijerina's appointment and he asked the court to appoint a disinterested representative. The Brittingham appellants raised no objection to Aguirre's request. Tijerina complained that Aguirre's request was untimely, but the court did not rule on his objection. Neither Tijerina nor the Brittingham appellants requested a hearing on the qualifications of any other person if the court was inclined to grant Aguirre's request. Instead, the parties asked the court for time to mutually agree on a representative if the court did not appoint Tijerina.[3] Appellants also did not object to Mackie's later-filed Motion to Clarify Order and For Letters of Administration.

Appellants also complain that the order appointing Mackie did not set a bond, and Mackie is not qualified to serve as administrator because he has not filed a bond. We agree with appellants that the court was required to set a bond in its order appointing Mackie successor administrator. *See* §§ 195, 194, 181(c). We disagree with appellants' argument that the court's failure to set a bond renders the order void.

▉ "A judgment is void only when it is apparent that the court rendering the judgment had no jurisdiction of the par-

ties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court." *Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex. 1990) (per curiam). "Errors other than lack of jurisdiction, such as 'a court's action contrary to a statute or statutory equivalent,' merely render the judgment voidable so that it may be 'corrected through the ordinary appellate process or other proper proceedings.'" *Reiss v. Reiss,* 118 S.W.3d 439, 443 (Tex.2003) (quoting *Mapco* ) (order divesting respondent of his separate property voidable, not void); *In re Masonite Corp.,* 997 S.W.2d 194, 198 (Tex.1999) (orig. proceeding) (order transferring venue that was contrary to the pleadings, the facts, and the law was voidable, not void); *but see Qwest Communications Corp. v. AT & T Corp.,* 24 S.W.3d 334, 337 (Tex.2000) (per curiam) (order granting temporary injunction that did not satisfy Rule 683's requirement for a bond was subject to being declared void). Therefore, the order appointing Mackie is voidable, and not void.

## CONCLUSION

We conclude the county court did not abuse its discretion in denying Tijerina's application for appointment as successor executor; therefore, we affirm that order. Although we also conclude the court did not abuse its discretion in appointing Mackie as administrator of the estate, the county court failed to set a bond as required by the Texas Probate Code. Therefore, we reverse the order appointing Mackie, and remand the cause to the county court for further proceedings.

---

3. The court gave the parties from April 6th to April 12th to agree on an administrator, after which date the court said it would make its ruling on April 13th.