MEMORANDUM OPINION



No. 04-07-00712-CV



IN THE GUARDIANSHIP OF Martha Jane VALDEZ, an Incapacitated Person



From the Probate Court No. 2, Bexar County, Texas


Trial Court No. 2007-PC-2303


Honorable Tom Rickhoff, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Karen Angelini, Justice

 Steven C. Hilbig, Justice


Delivered and Filed: June 4, 2008 


AFFIRMED

 Jerry Valdez appeals the probate court's order dismissing for lack of standing Jerry's contest
to an application to establish a permanent guardianship. Jerry also appeals the probate court's order
appointing a permanent guardian. Although Jerry presents ten separate issues for review, the crux
of his complaints is that he had standing to contest the application and the evidence is insufficient
to support the appointment of Dorothy H. Mello as permanent guardian. We affirm the probate
court's orders.



Background 


 Martha Jane Valdez is the mother of fourteen children, including Jerry and Dorothy. On June
22, 2007, police were called to the house where Martha Jane lived in response to a report by a
mother that her juvenile daughter was living with Jerry. Jerry was arrested for sexual assault of a
child, and Jerry's son was arrested for possession of a firearm by a felon. Martha Jane, who was
ninety-six years old, was taken to the hospital by EMS because she was nonresponsive. Martha Jane
was weak and had several bruises and a swollen eye. Martha Jane was released from the hospital
to Dorothy's care. 

 On July 26, 2007, Dorothy applied for a temporary and permanent guardianship. At the
hearing on the application for temporary guardianship, Dorothy testified that Martha Jane had been
suffering from Alzheimer's and dementia since 1987. Jerry took control over Martha Jane and had
severely restricted the siblings' ability to visit their mother for many years. Jerry sent his siblings
a letter stating they needed to call him if they wanted to see Martha Jane, but he was not responsive
to requests. Dorothy stated that Jerry might allow her to see her mother once or twice a year. A six-foot high steel fence surrounded the house, and Jerry kept the gate locked and had several
Rottweilers in the yard. There also were many questions regarding the care Jerry gave to Martha
Jane. On one occasion, Martha Jane was found wandering around outside in 27 degree weather,
barefoot, and in her nightgown and had to be taken to the hospital for cuts on her feet. Although
Dorothy and the other siblings contacted adult protective services and the police on several
occasions, no action was taken because Jerry had a power of attorney signed by Martha Jane. Since
Martha Jane had been released from the hospital and had been living with Dorothy, her children and
grandchildren had been regularly visiting with her and helping with her care. 

 Based on the Bexar Appraisal District's records, Martha Jane owned four tracts of real
property, including the house in which she had been living. When Dorothy informed Jerry that she
intended to seek a guardianship, Jerry removed $2,300 from Martha Jane's account claiming that the
money belonged to him. Dorothy testified that contrary to Jerry's assertion, she did not owe her
mother any money. After the hearing, the probate court signed an order appointing Dorothy as
temporary guardian.

 On August 1, 2007, Dorothy filed a notice of lis pendens regarding the four properties Martha
Jane owned. On September 14, 2007, Jerry filed a trespass to try title lawsuit against Dorothy and
Martha Jane, claiming he owned the properties through four deeds. Three of the deeds were
executed in 1988, and one was executed in 1997; however, the deeds were not filed in the property
records until September of 2007. On September 17, 2007, Jerry filed an objection to the
appointment of Dorothy as permanent guardian. On September 27, 2007, Dorothy filed a motion
in limine to dismiss Jerry's contest for lack of standing. (1)

 At the hearing on the application for permanent guardianship, several of Martha Jane's
children testified that they supported Dorothy's appointment because she took good care of Martha
Jane and allowed them to visit her. One of Martha Jane's sons stated that he had seen his mother
a total of three times in eleven years because Jerry prevented him from seeing her. Since Martha
Jane had been living with Dorothy, he sees his mother at least once or twice a week. Another
daughter described Jerry's control over Martha Jane as a dictatorship. In addition to this testimony,
the probate judge stated that he had reviewed the court investigator's report. The probate judge then
considered Dorothy's motion in limine asserting that Jerry lacked standing to contest Dorothy's
application because he had an interest adverse to Martha Jane as evidenced by his trespass to try title
lawsuit. Jerry's attorney responded that even if Jerry lacked standing, the probate court needed to
ensure that Dorothy was suitable based on questions about Dorothy using Martha Jane's money for
herself in the past when she had control over Martha Jane's estate and person. The probate judge
responded that Dorothy had been qualified at the prior hearing on the temporary guardianship, and
the court auditor would be reviewing all expenditures. After the hearing, the probate judge signed
orders dismissing Jerry's contest for lack of standing and appointing Dorothy as the permanent
guardian.

Discussion


 In his second and third issues, Jerry contends the probate court erred in holding that he lacked
standing to contest the appointment of Dorothy as permanent guardian. Section 642(b)(3) of the
Texas Probate Code prohibits a person having an interest that is adverse to a proposed ward or
incapacitated person from contesting the appointment of a person as guardian. Tex. Prob. Code
Ann. § 642 (Vernon 2003). Because Jerry was suing Martha Jane, he had an interest adverse to her. 
See Kidd v. Prince, 215 S.W. 844, 845 (Tex. 1919) (noting plaintiff has an adverse interest where
ward is a defendant); see also Allison v. Walvoord, 819 S.W.2d 624, 626 (Tex. App.--El Paso 1991,
orig. proceeding [leave denied]) (holding plaintiffs to pending lawsuit against proposed ward had
an adverse interest). Accordingly, the probate court did not err in dismissing Jerry's contest.

 In his remaining issues, Jerry contends the probate court erred in appointing Dorothy as the
permanent guardian. The crux of Jerry's complaint is his allegation that Dorothy was disqualified
to serve as guardian because she was indebted to Martha Jane. See Tex. Prob. Code Ann. § 681(5)
(Vernon 2003) (providing person who is indebted to proposed ward may not be appointed as
guardian). Although Jerry correctly states that the probate court was required to determine whether
Dorothy was qualified even if he did not have standing to contest the application, see Ayala v.
Mackie, 158 S.W.3d 568, 572 n.1 (Tex. App.--San Antonio 2005, pet. denied), the probate court
held a hearing to make this determination, and Jerry did not make any objection to the probate
court's reference to evidence of qualifications presented at the temporary guardianship hearing where
Dorothy testified that she was not indebted to Martha Jane. (2) See Tex. R. App. P. 33.1 (noting
objection made to trial court is prerequisite to presenting complaint for appellate review); see also 
Trimble v. Texas Dept. of Protective & Regulatory Serv., 981 S.W.2d 211, 215 (Tex. App.--Houston
[14th Dist.] 1998, no pet.) (noting probate court may consider evidence from temporary guardianship
in permanent guardianship because probate court conducts its business in a continuing series of
events since the nature of administration contemplates decisions to be made on which other decisions
will be based).

 Jerry seeks to rely on the attachments to the objection or contest he filed as evidence of
Dorothy's indebtedness to Martha Jane. The attachments consist of copies of various pages from
a check register and a few checks payable to Dorothy with the notation "gift" in the memo line of
the check. Jerry argues that the register and checks established that Dorothy was indebted to Martha
Jane when coupled with Dorothy's alleged pleading that Martha Jane had been incapacitated since
1987. Neither the copies of the pages from the check register nor the checks, however, were
introduced into evidence. Moreover, Dorothy never stated in her pleadings that Martha Jane had
been incapacitated since 1987. She simply asserted that Martha Jane had been suffering from
Alzheimer's Disease since 1987. The statement Jerry attributes to Dorothy was actually made in a
report by James G. Trevino, M.D. which was attached to Dorothy's petition, wherein Dr. Trevino
states, "Any issues related to Power of Attorney, from 1987 forward, could not be legally made due
to her incapacitation." The evidence in the record, therefore, established that Dorothy was not
disqualified to serve as permanent guardian.

 Finally, Jerry complains that the probate court's order appointing Dorothy as permanent
guardian must be reversed because the probate court manifested bias or prejudice against Jerry by
words and conduct. The discretion vested in a trial court over the conduct of a trial is great, and the
trial court has the authority to express itself in exercising this broad discretion. Dow Chemical Co.
v. Francis, 46 S.W.3d 237, 240-41 (Tex. 2001). "[J]udicial remarks during the course of a trial that
are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do
not support a bias or partiality challenge." Id. at 240. Although the probate judge's comments may
not have been the most judicious, having reviewed the allegedly improper comments in the context
of the entire record, we conclude there is no evidence of judicial bias. See id. at 241.

Conclusion


 The probate court's orders are affirmed.

 Catherine Stone, Justice



1. Section 642 of the Texas Probate Code requires a probate court to determine the standing of a person who has
an interest that is adverse to a proposed ward or incapacitated person by motion in limine. Tex. Prob. Code Ann. § 642
(Vernon 2003). 
2. Jerry also did not object when the probate court stated it had reviewed the court investigator's report.