# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00649-CV

### In re Betty Robinett and Donald Hall

---

### ORIGINAL PROCEEDING FROM HAYS COUNTY

---

## M E M O R A N D U M   O P I N I O N

Relators Betty Robinett and Donald Hall have filed a petition for writ of mandamus challenging a temporary administrator order entered by the trial court on December 3, 2021. For the reasons explained below, we conditionally grant mandamus relief.

## BACKGROUND

This mandamus arises out of an heirship proceeding and suit for an estate administration. On December 1, 2021, Stephen Hall filed an application for temporary administration of the estate of Larry Rasco. Without hearing, the trial court on December 3, 2021, granted the application for temporary administration and appointed Stephen Hall as temporary administrator. As part of that temporary administrator order, the trial court ordered that Stephen Hall would serve "without bond, conditioned as required by law." Three days later, Relators filed a motion challenging that appointment, which was set for hearing on December 14, 2021. The trial court ultimately declined to rule on that motion, citing jurisdictional concerns. Relators now

seek mandamus relief, contending that the trial court abused its discretion by appointing Stephen Hall without an evidentiary hearing and bond.

## STANDARD OF REVIEW

Mandamus relief is an extraordinary discretionary remedy available only when the trial court abuses its discretion and relator has no adequate remedy by appeal. *See In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36, 138 (Tex. 2004) (orig. proceeding). A court "abuses its discretion if it acts without reference to guiding rules and principles such that the ruling is arbitrary or unreasonable." *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 717 (Tex. 2020). Similarly, "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

Relators lack an adequate remedy by appeal because the appointment of a temporary administrator is interlocutory and not subject to immediate appeal. *Harris v. Taylor*, No. 01-15-00925-CV, 2016 WL 4055688, at *5 (Tex. App.—Houston [1st Dist.] July 28, 2016, no pet.) (mem. op.); *see also In re Guardianship of Cady*, No. 04-19-00588-CV, 2019 WL 5405902, at *1 (Tex. App.—San Antonio Oct. 23, 2019, no pet.) (mem. op.) (stating that appointment of temporary guardian of estate is interlocutory because "it does not dispose of all issues in or end a phase of the proceeding").[1]

---

[1] The particular circumstances of the underlying proceeding emphasize the lack of remedy available to Relators. Relators moved to challenge the appointment under Section 452.007 of the Estates Code, but the trial court declined to rule on the motion because of concerns the trial court no longer had jurisdiction over the probate proceeding after the mandamus petition was filed.

We note that once a mandamus petition has been filed, courts of appeals have the discretion to stay all or portions of the underlying proceeding to maintain the status quo until the appellate court can address the dispute encompassed within a petition. *In re Kelleher*, 999 S.W.2d 51, 52

## ABUSE OF DISCRETION

Relators contend that the trial court abused its discretion in two ways: (1) by failing to hold an evidentiary hearing before appointing the temporary administrator and (2) by failing to set a bond amount.

First, Relators argue that that the trial court was required to hold an evidentiary hearing before appointing the temporary administrator because they filed an opposition to that appointment. Under Section 55.001 of the Texas Estates Code, "[a] person interested in an estate may, at any time before the court decides an issue in a proceeding, file written opposition regarding the issue." Tex. Est. Code § 55.001. Relators are correct that such interested persons are entitled "to process for witness and evidence, and to be heard on the opposition." *Id.* But, based on the record before us,[2] they did not file any "written opposition" to the appointment until they filed their motion to reconsider three days ***after*** the appointment had already been decided. *See In re Estate of Crenshaw*, 982 S.W.2d 568, 571 (Tex. App.—Amarillo 1998, no pet.) (holding that Section 55.001 applied because party objected before any executor had been appointed). The trial court therefore did not abuse its discretion by appointing the temporary administrator without first

---

(Tex. App.—Amarillo 1999, orig. proceeding); *see also* Tex. R. App. P. 52.10(b) (authorizing appellate court to "grant any just relief pending the court's action on the petition"). A trial court otherwise retains jurisdiction to take any action in the underlying proceeding (or at least, any action outside the scope of temporary relief granted by the court of appeals), including but not limited to actions that may resolve the very issues raised in the mandamus petition. *See, e.g.*, *In re Texas Dep't of Fam. & Protective Servs.*, No. 03-21-00505-CV, 2021 WL 5457234, at *1 (Tex. App.—Austin Nov. 16, 2021, orig. proceeding) (mem. op.) (dismissing petition as moot because trial court withdrew and superseded order at issue); *In re Hursh*, No. 03-21-00316-CV, 2021 WL 4876958, at *1 (Tex. App.—Austin Oct. 20, 2021, orig. proceeding) (mem. op.) (same).

[2] We requested a response from the real parties in interest, but no response was filed. *See* Tex. R. App. P. 52.4 (requiring that response "has been filed or requested by the court" before granting relief). We therefore are left only with the universe of documents that Relators—but not real parties in interest—believe are "material" to the claim for relief. *See id*. R. 52.7(a)(1).

3

conducting a hearing pursuant to Section 55.001 because there was no requirement for the trial court to hold a hearing under that statute.

However, the trial court did abuse its discretion by appointing the temporary administrator without bond. The Estates Code expressly requires that the order appointing a temporary administrator "set the amount of bond to be given by the appointee." Tex. Est. Code § 452.003(4). Moreover, the Estates Code requires that a party must enter into a bond unless they meet one of a limited number of exceptions: (1) a will directs that no bond be required; (2) all the relevant parties consent to not requiring bond; or (3) the appointee is a corporate fiduciary. *See id*. § 305.101(a) ("Except as otherwise provided by this title, a person to whom letters testamentary or of administration will be issued must enter into a bond before issuance of the letters."). And other statutory provisions require a hearing and evidence before "setting the amount of a bond." *See id*. § 305.152.

Based on the record before us, there is no evidence that the temporary administrator met any of the exceptions to the bonding requirement, nor is there any indication that the trial court undertook any evidentiary hearing regarding the bond amount. *See Ayala v. Mackie*, 158 S.W.3d 568, 573 (Tex. App.—San Antonio 2005, pet. denied) (reversing an order appointing an administrator because court failed to set bond); *see also* Tex. Est. Code §§ 305.101(a), .152. Accordingly, the trial court abused its discretion by failing to follow the statutory requirements for setting bonds as part of a temporary administrator appointment. *See* Tex. Est. Code § 305.101(a); *see also Walker*, 827 S.W.2d at 840.

**CONCLUSION**

We conditionally grant Relators' petition for writ of mandamus and direct the trial court to vacate its December 3, 2021 order appointing a temporary administrator. The writ will issue only if the trial court fails to comply.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Filed:   February 9, 2022