

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00121-CV

IN RE THOMAS BLANE PEEK

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

Relator, Thomas Blane Peek, seeks relief by petition for a writ of mandamus, asking this Court to direct the Red River County Court (County Court) to dismiss Real Party in Interest Belinda Presswood's[1] probate bill of review and her will contest. Relator argues that the County Court abused its discretion by denying Relator's plea to the jurisdiction and motion to dismiss. Because we find that the County Court lacked jurisdiction, we conditionally grant Relator's petition.

## I.    Procedural History and Background

At the time of his death, Thomas Ray Peek had two children, Relator and Belinda. Peek died on October 8, 2021, and Relator filed an application to probate his father's will on October 14, 2021, in the County Court. Relator attached to his application Peek's purported final 2017 Last Will and Testament (2017 Will), which stated "I give, devise and bequeath all of my estate of whatsoever kind and wheresoever situated to my son, THOMAS B. PEEK, for him to distribute according to my wishes." At 10:22 a.m. on October 26, 2021, Belinda filed a pro se motion for continuance of a hearing that was scheduled for 11:00 a.m. that same day, asserting that she did not have adequate notice of the hearing, nor of her father's passing. Belinda stated in her motion that "[she] believe[d] [she is] a Beneficiary in [her] father's Will and [she has] not received a copy," and she requested a continuance of the matter to determine if she needed to hire an attorney. Her motion for continuance was granted, and at 1:00 p.m. on October 26, 2021,

---

[1]We note that Belinda passed away during the course of the underlying proceedings. Her son, Joshua Presswood, was appointed and qualified as the Independent Administrator of the Estate of Belinda Presswood, Deceased, and is now the Real Party in Interest on behalf of Belinda's estate in this matter.

the County Court, on its own motion, ordered the transfer of the matter to "a Court with General Probate Jurisdiction," being the 6th District Court of Red River County (District Court).

On February 14, 2022, after Peek's 2017 Will was "presented in open court," the District Court entered an order appointing Relator as independent executor of Peek's estate and admitted Peek's 2017 Will to probate. Relator then moved to have the matter transferred back to the County Court, stating that "no one appeared to contest the Application to Admit the [2017] Will to Probate." The matter was transferred to the County Court on May 11, 2022.

On January 23, 2024, Belinda filed a "Motion for Assignment of a Statutory Probate Judge" in the County Court, asserting that she was interested in the estate of Peek as an heir and believed "[t]here are or will be contested matters filed in this" cause. Two days later, Belinda filed her "Original Petition Contesting Will" (Will Contest), in which she argued that the "Purported 2017 Will is invalid and should not have been admitted to probate and the *Probate Order* should be set aside as if it was never signed." Her challenges to the 2017 Will included that: (1) "it was not executed according to the formalities required by Texas law," (2) it was "executed without testamentary intent," (3) Peek "lacked the necessary testamentary capacity . . . at the time it was executed," and (4) Peek "was unduly influenced to sign." For those reasons, Belinda sought to have the 2017 Will found invalid and withdrawn from probate, thus setting aside the February 2022 District Court Probate Order. The County Court then granted Belinda's motion requesting appointment of a statutory probate judge on January 29, 2024.

On February 12, 2024, Belinda filed her "Probate Bill of Review" in the County Court, requesting that the County Court "find substantial error in this record and declare the *Probate*

*Order* void, remove the Independent Executor, and cancel his Letters Testamentary." Belinda argued in her bill of review that the County Court lacked the statutory authority to transfer the matter to the District Court because there was no contest on file at the time of transfer. Belinda argued that because the initial transfer to the District Court was invalid, the orders that followed from the District Court are void. However, Belinda argued that even if the transfer was valid, the District Court lacked jurisdiction to enter the Probate Order because the County Court possessed the original, general probate jurisdiction.

Relator then filed his "Objection to Appointment of Statutory Probate Judge and Motion to Transfer to the 6th District Court; Subject thereto, his Plea to the Jurisdiction challenging the County Court's exercise of subject matter jurisdiction over the Petition Contesting Will as alleged by" Belinda, "and Subject thereto, his Special Exceptions, Answer, Affirmative Defenses, claim for attorney's fees, and jury demand." Relator first argued that the matter should be transferred to the District Court, but in the alternative, argued that the matter should be dismissed pursuant to his plea to the jurisdiction because the Will Contest was a direct attack on the Probate Order issued by the District Court, and thus, should have been filed in the District Court.

On February 29, 2024, a statutory probate judge was assigned to the matter, pursuant to the granted order signed by the County Court. Relator then filed his "Plea to the Jurisdiction, and Subject Thereto Respondent's Answer to Bill of Review." Relator argued in his plea that Belinda's bill of review should be dismissed because (1) she filed it under the original proceeding and cause number, rather than a new cause number; (2) the County Court did not

4

have jurisdiction to decide whether the District Court had jurisdiction to enter the probate order; (3) the County Court could not consider a direct attack on a District Court order; (4) the bill of review could not be considered a collateral attack; (5) the District Court was not deprived of its broad general jurisdiction to hear the probate matter, (6) the statute of limitations expired on Belinda's challenge to the transfer order, (7) the transfer order was not void; and (8) "a Challenge to the Transfer Order By Itself Avails Petitioner Nothing." Ultimately, according to Relator's motion, under any of the eight issues raised, Belinda's bill of review should be dismissed. Relator then amended his plea to the jurisdiction as to Belinda's Will Contest and filed a Rule 91a motion to dismiss Belinda's probate bill of review.

Belinda subsequently amended her petition contesting the 2017 Will, adding an allegation of fraud and seeking a declaratory judgment. Belinda also alleged actions for conversion, money had and received, unjust enrichment, and constructive trust. Belinda sought actual and exemplary damages. Relator then consolidated and amended his pleas to the jurisdiction and Rule 91a motion to dismiss. Relator again amended his consolidated pleas and Rule 91a motion to dismiss. A response was filed, and Relator replied. The County Court then issued an order stating that, after hearing Relator's second amended consolidated pleas to the jurisdiction and Rule 91a motion to dismiss, it denied all motions.

## II.  Mandamus Requirements

"[M]andamus relief is appropriate if the relator establishes a clear abuse of discretion for which there is no adequate appellate remedy." *In re Durnin*, 619 S.W.3d 250, 252 (Tex. 2021) (orig. proceeding). The burden is on the relator to provide a sufficient record showing it is

5

entitled to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). "A trial court clearly abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Id.* at 839 (quoting *Johnson v. Fourth Ct. of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)).

With respect to the resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for the trial court. *Brady v. Fourteenth Ct. of Appeals*, 795 S.W.2d 712, 714 (Tex. 1990) (orig. proceeding). However, "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Huie v. DeShazo*, 922 S.W.2d 920, 927 (Tex. 1996) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 840); *In re Jorden*, 249 S.W.3d 416, 424 (Tex. 2008) (orig. proceeding). Therefore, an erroneous legal conclusion by the trial court constitutes an abuse of discretion. *Huie*, 922 S.W.2d at 927–28. "[A] clear failure by the trial court to . . . apply the law correctly [is] an abuse of discretion." *Walker*, 827 S.W.2d at 840.

## III.  Bill of Review

Relator challenges Belinda's bill of review attacking both the County Court's transfer order and the District Court's probate order. Relator presents various avenues to reach the same conclusion—the bill of review must be dismissed.[2] As to the bill of review's attack on the transfer order, Relator argues that it must be dismissed because it was untimely, and as to the probate order, the bill of review was filed in the wrong court.

---

[2]We choose to address the following arguments as we find them dispositive of the issue before us. *See* TEX. R. APP. P. 47.1.

"A bill of review is brought as a direct attack on a judgment that is no longer appealable or subject to a motion for new trial." *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015) (quoting *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 504 (Tex. 2010)). "Because it is a direct attack, a bill of review must be filed in the court that rendered the original judgment, and only that court may exercise jurisdiction over the bill." *Id.* (citing *Frost Nat'l Bank*, 315 S.W.3d at 504). "Courts have long recognized bills of review rooted in general principles of equity or as prescribed by the Legislature, but courts do not readily grant them '[b]ecause it is fundamentally important in the administration of justice that some finality be accorded to judgments.'" *Id.* (alteration in original) (quoting *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950)) (citing *Crouch v. McGaw*, 138 S.W.2d 94, 96 (Tex. 1940) ("noting that a bill of review requires 'something more than injustice'")).

"Bills of review can be sought under statutory law or common law in equity." *In re Miramontes*, 648 S.W.3d 590, 600 (Tex. App.—El Paso 2022, no pet.) (orig. proceeding) (citing *Valdez*, 465 S.W.3d at 226). "Under the Estates Code, the Legislature provided a means for 'interested person[s]' to file a bill of review to revise or correct an order or judgment of a probate court upon a showing of error in the order or judgment." *Id.* (alteration in original) (quoting Tex. Est. Code Ann. § 55.251). The bill of review must be filed "within two years of the date of the order or judgment." *Id.* at 601 (citing Tex. Est. Code Ann. § 55.251(b)). "To succeed in a statutory bill of review, the petitioner must show 'substantial error' in the prior order or judgment it seeks to set aside." *Id.* (citing *Valdez*, 465 S.W.3d at 226).

### A.      Belinda's Bill of Review as to the Transfer Order Was Untimely Filed

On February 12, 2024, Belinda filed her "Probate Bill of Review" in the County Court. She argued that the County Court lacked statutory authority to enter the underlying transfer order that transferred the matter to the District Court. As a result, Belinda argued that the District Court did not have jurisdiction to enter any order in the probate proceeding.

To the extent Belinda was challenging the transfer order, however, her bill of review was untimely. The transfer order was entered by the County Court on October 26, 2021, more than two years before Belinda's bill of review was filed.[3] *See* TEX. EST. CODE ANN. § 55.251(b) ("A bill of review to revise and correct an order or judgment may not be filed more than two years after the date of the order or judgment, as applicable."). Accordingly, to the extent Belinda's bill of review sought to address the County Court's October transfer order, it was untimely and should have been dismissed.

### B.      Belinda's Bill of Review as to the District Court's Probate Order

In Joshua's response, he claims that the subject of Belinda's bill of review was the probate order, which she argued the District Court lacked subject matter jurisdiction to render. Thus, Joshua claims that the probate order was void.

Relator asserts that Belinda's bill of review "is a direct attack because its goal is to change the outcome of the probate case." Relator also claims that Belinda's filing of the bill of review in the County Court, as opposed to the District Court, was incorrect. As a direct attack,

---

[3]We note that in Joshua's response to Relator's petition for a writ of mandamus, Joshua argues that Belinda's bill of review was timely as the subject of her bill of review was the probate order. We address the timeliness as to any challenge to the transfer order as it was raised by Relator in his petition.

Relator asserts that the District Court had exclusive jurisdiction over the bill of review. Thus, the bill of review should have been dismissed pursuant to Relator's plea to the jurisdiction. We agree.

"A judgment is void only when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court." *Ayala v. Mackie*, 158 S.W.3d 568, 573 (Tex. App.—San Antonio 2005, pet. denied) (quoting *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (orig. proceeding) (per curiam)); *see Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003). "Conversely, '[e]rrors other than lack of jurisdiction, such as "a court's action contrary to a statute or statutory equivalent," merely render the judgment voidable so that it may be "corrected through the ordinary appellate process or other proper proceedings."'" *In re Vance*, Nos. 10-09-00177-CV & 10-09-00211-CV, 2009 WL 4574896, at *2 (Tex. App.—Waco Nov. 25, 2009, no pet.) (mem. op.) (alteration in original) (quoting *Reiss*, 118 S.W.3d at 443 (quoting *Mapco*, 795 S.W.2d at 703)) (citing *Ayala*, 158 S.W.3d at 573). "Thus, only a void judgment may be challenged by collateral attack." *Id.* at *3 (citing *Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009)). "A voidable judgment must be challenged by direct attack." *Id.* (citing *Hagen*, 282 S.W.3d at 902; *Oropeza v. Valdez*, 147 S.W.3d 480, 482 (Tex. App.—San Antonio 2004, no pet.)).

This Court has previously held that "[a] suit to set aside or cancel a will that has been probated is a direct attack upon the judgment admitting the will to probate." *Aston v. Lyons*, 577 S.W.2d 516, 518 (Tex. App.—Texarkana 1979, no writ). The Legislature has provided

9

interested persons with several alternative methods, including the will contest statute, to directly attack a judgment admitting a will to probate. *Ladehoff v. Ladehoff*, 436 S.W.2d 334, 336–37 (Tex. 1968). One of those methods is a statutory bill of review. *Id*. at 337. These alternative means to make direct attacks on a will "keep a probate order voidable and subject to attack." *State v. Fernandez*, 159 S.W.3d 678, 694 (Tex. App.—Corpus Christi–Edinburg 2004, no pet.) (Castillo, J. concurring in part) (citing *Est. of Devitt,* 758 S.W.2d 601, 606 (Tex. App.—Amarillo 1988, writ denied) (op. on reh'g) (citing *Ladehoff*, 436 S.W.2d at 340)).

"An interested person may, by a bill of review filed *in the court in which the probate proceedings were held*, have an order or judgment rendered by the court revised and corrected on a showing of error in the order or judgment, as applicable." TEX. EST. CODE ANN. § 55.251(a) (emphasis added). However, "[b]ecause it is a direct attack, a bill of review must be filed in the court that rendered the original judgment, and only that court may exercise jurisdiction over the bill." *Valdez*, 465 S.W.3d at 226 (citing *Frost Nat'l Bank*, 315 S.W.3d at 504).

Here, Belinda filed her bill of review in the County Court. Joshua argues that because the proceeding was transferred back to the County Court and because jurisdiction in probate proceedings "is *in rem* and the <u>entire</u> probate proceeding, from start to finish, is considered '<u>one</u> proceeding' for purposes of jurisdiction," Belinda could file her bill of review in the County Court. That transfer, however, did not confer jurisdiction to the County Court to determine, via bill of review, whether a District Court's probate order should be upheld. The County Court, regardless of the transfer back, did not *enter* the probate order that Belinda sought to attack by her bill of review. "The requirement that a bill of review be filed in the same court that rendered

10

the judgment under attack is a matter of jurisdiction, not merely a matter of venue." *Smith v. Casey Lending, LLC*, No. 01-22-00954-CV, 2026 WL 233133, at \*17 (Tex. App.—Houston [1st Dist.] Jan. 29, 2026, no pet.) (quoting *Richards v. Comm'n for Law. Discipline*, 81 S.W.3d 506, 508 (Tex. App.—Houston [1st Dist.] 2002, no pet.)).

For these reasons, the County Court lacked jurisdiction to hear the bill of review. As a result, we find that the County Court erred in denying Relator's plea to the jurisdiction on Belinda's probate bill of review.

## IV. Will Contest

Relator also contends that the County Court erred in denying his plea to the jurisdiction as to Belinda's Will Contest, because again, it was a direct attack on the order admitting the 2017 Will to probate, rendered by the District Court, not the County Court.

> After a will is admitted to probate, an interested person may commence a suit to contest the validity thereof not later than the second anniversary of the date the will was admitted to probate, except that an interested person may commence a suit to cancel a will for forgery or other fraud not later than the second anniversary of the date the forgery or fraud was discovered.

TEX. EST. CODE ANN. § 256.204(a).

Belinda's Will Contest was a direct attack on the order admitting the 2017 Will to probate, which was issued by the District Court. *See In re Est. of Blevins*, 202 S.W.3d 326, 328 (Tex. App.—Tyler 2006, no pet.); *In re Est. of Davidson*, 153 S.W.3d 301, 304 (Tex. App.—Beaumont 2004, pet. denied). For the same reasons discussed above, we find that Belinda's petition contesting the 2017 Will should have been filed in the District Court. Accordingly, the County Court erred in denying Relator's plea to the jurisdiction as to Belinda's Will Contest.

11

## V.    Inadequate Remedy by Appeal

To obtain mandamus relief, Relator must demonstrate a lack of an "adequate remedy by appeal." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). In the mandamus context, the "word, 'adequate,' has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *Id.* As stated in *In re Prudential Insurance Co. of America*,

> [m]andamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.

*Id.* The Texas Supreme Court stated, "[W]hether an appellate remedy is 'adequate' so as to preclude mandamus review depends heavily on the circumstances presented and is better guided by general principles than by simple rules." *Id.* at 137. The Texas Supreme Court, however, still emphasized that mandamus review should be limited to "exceptional cases" and only to prevent impairment of "important substantive and procedural rights." *Id.* at 136.

"[P]leas to the jurisdiction will not ordinarily be reviewed by mandamus, because they are incidental trial rulings for which the relator generally has an adequate appellate remedy." *In re SWEPI, L.P.*, 85 S.W.3d 800, 808 (Tex. 2002) (orig. proceeding) (citing *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex. 1990) (per curiam) (orig. proceeding)). However, the Texas Supreme Court has held that mandamus is available to review a trial court's denial of a motion to dismiss under 91a of the Texas Rules of Civil Procedure. *In re Essex Ins.*

12

*Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (per curiam) (orig. proceeding). In *In re Essex*, the Texas Supreme Court granted mandamus relief in favor of an insurer where the trial court refused to grant the insurer's Rule 91a motion to dismiss based on the "no direct action" rule. *Id.* at 527–28.

The Texas Supreme Court has also "held that mandamus relief is appropriate when one court interferes with another court's jurisdiction." *In re SWEPI, L.P.*, 85 S.W.3d at 809 (citing *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974) (orig. proceeding) ("If the second court . . . attempts to interfere with the prior action, this court has the power to act by mandamus or other appropriate writ to settle the conflict of jurisdiction."); *Perry v. Del Rio*, 66 S.W.3d 239, 258 (Tex. 2001) (orig. proceeding) ("mandamus relief [is] appropriate when one court actively interfered with the dominant jurisdiction of another court by setting its case for trial at the same date and time"); *Abor v. Black*, 695 S.W.2d 564, 567 (Tex. 1985) ("mandamus relief was proper in *Curtis* because one court actively interfered with the jurisdiction of the other court by enjoining the court from proceeding") (orig. proceeding)). Furthermore, Texas courts have concluded that "mandamus relief is appropriate to 'spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *In re Essex*, 450 S.W.3d at 528 (quoting *In re John G. & Marie Stella Kenedy Mem'l Found.*, 315 S.W.3d 519, 523 (Tex 2010) (orig. proceeding)).

Here, we conclude that mandamus relief is appropriate to settle the conflict of jurisdiction and to spare the parties the time and money spent on fatally flawed proceedings where the County Court should have granted Relator's Rule 91a motion to dismiss. *See In re Am. Risk Ins.*

13

*Co.*, No. 01-25-00575-CV, 2025 WL 3275144, at \*6 (Tex. App.—Houston [1st Dist.] Nov. 25, 2025, orig. proceeding) (mem. op.).

Accordingly, because the County Court did not have subject matter jurisdiction and thereby actively interfered with the District Court's jurisdiction over the case, mandamus relief is appropriate. *See id.*

## VI. Conclusion

We conditionally grant Relator's petition for a writ of mandamus and direct the County Court to (1) withdraw its rulings denying Relator's plea to the jurisdiction and Rule 91a motion to dismiss and (2) dismiss Belinda's Will Contest and probate bill of review for lack of subject matter jurisdiction. We are confident that the County Court will comply with this opinion, and the writ will issue only in the event that it does not. *See* TEX. R. APP. P. 52.8(c).

Scott E. Stevens
Chief Justice

Date Submitted: March 4, 2026
Date Decided: May 14, 2026

14